## DEMARS *v.* GLEN MANUFACTURING COMPANY.

A master may be liable for injuries sustained by his servant in consequence of apparent defects in a machine which the latter is using, if on account of his inexperience he does not know the peculiar dangers incident to its use, and if the master cannot reasonably assume that he has such knowledge.

An incompetent and prejudicial suggestion of counsel, contained in a question addressed to a witness without any purpose to render the trial unfair, may not result in a mis-trial, when the fact is found that the verdict was not affected thereby.

CASE, for personal injuries. Verdict for the plaintiff. The plaintiff was employed by the defendants as a carpenter to make repairs about their mill, and occasionally he used a saw which was propelled by power transmitted to it from a large pulley upon the main shafting of the mill by means of belts, pulleys, and shafting. At one side of the large pulley was a device called a belt-catcher, the purpose of which was, like that of a loose pulley, to receive the belt running over the driving pulley when not in use. The belt was shifted back and forth between the driving pulley and the belt-catcher by means of a horizontal bar located just above the belt at the top of the pulley and at right angles with it, having a pin projecting from its under surface on each side of the belt, and a lever connected with its opposite end by which it was moved. While using the saw the plaintiff noticed that the belt was running off the large pulley on the side opposite the belt-catcher, and he attempted to push it back with a stick held in his hands, when the stick was hurled against his shoulder and side, causing the injury complained of. He contended that he could not have got the belt back on to the pulley by using the lever, and that the belt-catcher, bar, and lever were not reasonably adapted to the uses for which they were intended. There was evidence tending to show that the plaintiff was inexperienced in the use of machinery; that during his employment by the defendants he had shifted the main belt a few times with-

out receiving injury; that he had seen other employés in the mill push the belt on with a stick; that the use of the catcher was attended with danger, and that it would not operate when the belt ran off on the opposite side; that it was put in as an experiment; that the pulley was out of repair so that it wabbled, and that the belt was old, notched on the sides, and badly worn, and was too wide for the pulley; that these defects, which were apparent to the plaintiff, caused the stick to fly and strike the plaintiff; that the defendants had not warned him of the danger he incurred, and he did not understand that there was any special danger in pushing the belt on with a stick; and that if, instead of the catcher, there had been a loose pulley in connection with the driving pulley, the accident would not have happened. The jury took a view and examined the machinery in question. The defendants moved for a nonsuit, and at the close of the evidence for a verdict, which motions were denied subject to exception.

On cross-examination of the defendants' general manager, the following question was asked: "Is this case being defended by your company, or by an accident insurance company?" The question was excluded, and the jury were instructed that it was of no consequence. The defendants excepted because it was asked in the hearing of the jury. The court found that the verdict was not affected by the statement of the objectionable question in their hearing.

*Drew & Jordan, Will P. Buckley, Daley & Goss,* and *Everett Fletcher,* for the defendants.

*Ossian Ray, Bingham & Bingham,* and *Robert N. Chamberlin,* for the plaintiff.

*Per Curiam.*[*] 1. Upon competent evidence the jury have found that the defendants were negligent, in furnishing the plaintiff with defective machinery in consequence of which the accident occurred; but it is claimed that because he knew of the existence of these defects he assumed the risk of being injured thereby. It was a controverted fact whether the lever and its connections were reasonably adapted to the use of putting the belt back when it ran off the pulley on the side opposite the belt-catcher, or whether the method adopted by the plaintiff was reasonably prudent and necessary under the circumstances. This question of fact has been determined by the jury in favor of the plaintiff, and is not open to review in the law term. But the defendants contend that, because the plaintiff knew of the defects in the machinery, he assumed the risk of injury resulting from his attempt to replace the belt on the pulley. The simple fact

---

* See foot-note on page 80.

that he knew that the pulley wabbled, and that the belt was old and in a poor state of repair, is sufficient, it is claimed, to prevent his recovery. But his knowledge of apparent defects in the appliances he was called upon to use would be immaterial, unless he also understood, or is presumed to have known, that those defects, either singly or in conjunction, would expose him to special and peculiar danger when using the machine. A skilled mechanic may apprehend danger in the use of a defective machine, which another laborer having less skill would not discover; and the danger the former impliedly assumes on account of his peculiar training and knowledge might not be assumed by the latter. In some cases a servant's knowledge of a defect in a tool or a machine is practically equivalent to an understanding of the danger incurred in its use (*Hanley* v. *Railway*, 62 N. H. 274, *Taylor* v. *Carew Manufacturing Co.*, 140 Mass. 150, *Williams* v. *Clough*, 3 H. & N. 258); in other cases the complicated construction of the machine and the inexperience of the workman may amount to proof that he did not appreciate the danger of using it while in a defective condition.

When it is said that the servant assumes the risk of danger from known defects in implements used in his employment, the obvious meaning is that he assumes the risk of such danger as is apparent to his observation, not such as, on account of his want of experience, he could not reasonably be expected to apprehend. *Davidson* v. *Cornell*, 132 N. Y. 228, 234; *Smith* v. *Baker*, App. Cas. (1891) 325; *Shaw* v. *Sheldon*, 103 N. Y. 667; *Anderson* v. *Clark*, 155 Mass. 368. If from the nature of the defect the danger is so apparent that a man of ordinary prudence would not incur the risk of injury under the circumstances, there may be no question for the jury; but when there is reasonable ground for difference of opinion upon that subject, the court cannot usurp the province of the jury, or decide as a matter of law what is plainly a question of fact. *Fitzgerald* v. *Paper Co.*, 155 Mass. 155; *Mahoney* v. *Dore*, 155 Mass. 513; *Bridges* v. *Railroad*, 6 Mo. App. 389; *Kain* v. *Smith*, 89 N. Y. 375, 385. Whether the plaintiff had such knowledge of and experience in the management of machines like the one he was attempting to regulate as would have informed him of the danger attending the operation of pushing back with a stick the old and badly worn belt on to a wabbling pulley, was a legitimate question for the consideration of the jury. Assuming that he was a man of ordinary intelligence, he may have lacked the experience necessary to appreciate the danger resulting from the defendants' negligence, in furnishing him with rude and defective appliances. His business as a carpenter may have afforded him little practical knowledge as a machinist; and the fact that on a few occasions he had readjusted the belt on the pulley and received no injury therefrom may have given him no sufficient information of the danger of the opera-

tion.  His lack of intelligence in this respect may have been so apparent that the defendants had actual knowledge of it; if not, the jury might believe they ought to have known it.  If the plaintiff did not appreciate the danger of the work he was doing, arising from the defective appliances, and if the defendants were not justified in supposing he understood it, it cannot be held that in the contractual relation of master and servant he assumed the risk which resulted in his injury.  The reasonableness of his attempt to readjust the belt, and his appreciation of the danger of the operation, were questions of fact for the jury.

2. As the fact is found that the verdict was not affected by the objectionable question addressed to the defendants' general manager, justice does not require a new trial.  This is not always a sufficient reason for sustaining a verdict.  The law often requires a new trial upon general principles, which cannot be suspended by exceptions based on the justice of particular cases.

When incompetent evidence is admitted subject to exception, the verdict may be set aside, however certain it may be in the opinion of the court that justice has been done.  The rule in regard to incompetent statements of counsel is much like that relating to incompetent evidence, but it is laid down in the books with various qualifications not found in the law of evidence.  One of these qualifications is, that a finding that the verdict was not affected by the irregularity has in some cases a curative effect.  When an incompetent statement of counsel is found to have been ineffective, it does not necessarily follow that the verdict is saved.  The law on this subject is fully stated in *Bullard* v. *Railroad*, 64 N. H. 27.  But when the irregularity occurs in a question, there may not always be the same absolute need of express retraction and motion for instructions as there is in case of a mere statement.  If an incompetent statement or suggestion were put in the form of a question to a witness for the apparent purpose of evading the full force of the rule, it might well be treated as if the interrogatory form had not been employed.  But where a damaging and incompetent question is put, of such a nature and under such circumstances as to lead to a belief that no wrong or unfairness was intended, it would be unreasonable to put it upon the same ground with bald statements or suggestions of irrelevant facts.  It is not advisable to lay down any broad rule or broad exception in this case.  The particular question which ought not to have been put, and which, if counsel desired a decision of its competency, should have been submitted in writing, may be regarded, under the circumstances, as harmless error.  The practice is dangerous, and other errors of this kind may not be found to be harmless.  The law on this whole subject, like the great mass of the common law, is reasonable and equitable.  And applying it to this case as a practicable and workable rule, we come to the conclusion that the objectionable question, though

stated in the presence of the jury, furnishes no ground for setting aside the verdict.

*Judgment on the verdict.*

CHASE J., did not sit: the others concurred.