Hillsborough,
June, 1898.

## ROBERTS *v.* BOSTON & MAINE RAILROAD.

A nonsuit will not be ordered when material facts are in dispute, or when the undisputed facts are such as to warrant opposite conclusions.

CASE, for injuries alleged to have been sustained by the plaintiff while crossing the defendants' tracks on Vine street in Nashua, by reason of the negligent management of the defendants' trains, and the failure to give proper warning of their approach. Trial by jury and verdict for the plaintiff. At the close of the plaintiff's evidence the defendants' motion for a nonsuit was denied, subject to exception.

*George B. French* and *Wason & Jackson,* for the plaintiff.

*Charles H. Burns, Charles W. Hoitt,* and *Jeremiah J. Doyle,* for the defendants.

CLARK, C. J. The plaintiff's evidence tended to prove the following facts: The plaintiff was riding in an empty job-wagon, and as he neared the crossing where the accident occurred was driving at a slow trot. When about seventy feet from the crossing he looked toward the east and saw a heavily loaded freight train about six hundred feet distant moving slowly toward him. He had no view of the railroad toward the west until he reached a point about thirty-six feet from the crossing, when he looked toward the west and saw no train approaching. The flagman stationed at the crossing stood very near the line of the sidewalk on the west side of the street and about fifteen feet from the tracks. He was facing the east, and looking in the direction of the approaching freight train. The plaintiff thought the flagman stood there for the purpose of warning travelers of the freight train, and heard no warning from him of the approach of any other. If the flag was waved, or any other warning given by the flagman of a train from the west, it was done after the plaintiff had passed the flagman and was on his way across the tracks. The plaintiff heard no whistle, or bell, or sound of any train from the west as he started to drive over the tracks at a slow rate of speed, and had no knowledge of the approach of a train from that direction until he had crossed the first track and was very near the second, when he saw the engine from the west right upon him. This engine struck the plaintiff's team and occasioned the injuries complained of.

In cases of accidents at railroad crossings, the question of negligence is ordinarily one for the jury to determine. It is always a question for the jury when the facts are in dispute, or when from the undisputed facts different minds may arrive at opposite conclusions. Negligence is the failure to exercise such care and prudence as, under the circumstances, duty requires should be exercised. It is the omission to do something which a reasonable man, guided by considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a reasonable and prudent man would not do. In cases of accidents at highway crossings the circumstances differ. The number of trains running over a crossing in a given time, the speed at which they move, the angle at which the tracks and the highway meet, the objects hindering observation, the grade of the highway and of the railroad, the presence or absence of flagmen,— all these are, or may be, material facts. The railroad cannot be held to the same speed, or the traveler to the same conduct, in all cases. What would be proper conduct in one situation might be improper in another. Hence, no definite rule or test can be laid down, but each case must be governed by the facts appearing in it. In every case, however, it must affirmatively appear that the negligence complained of was the cause of the injury. *Deschenes* v. *Railroad, ante, p.* 285.

Upon the evidence in this case it was for the jury to determine whether the action of the flagman was such as to furnish sufficient and timely warning of the train by which the plaintiff was struck and injured; whether the plaintiff was justified in assuming that the freight train to the east was the only one near the crossing; whether the plaintiff was induced to believe that he might proceed in safety because no whistle was sounded or bell rung on the train from the west; whether, in short, the accident was caused by the negligence of the defendants while the plaintiff was himself in the exercise of due care. The motion for a nonsuit was properly denied.

*Exception overruled.*

PIKE and PEASLEE, JJ., did not sit; the others concurred.