Merrimack,   }
March 3, 1908. }

## GOODALE *v.* YORK.

In an action of negligence against an employer, certain evidence deemed
sufficient to warrant a finding that the injuries complained of resulted from
an abnormal risk of which the defendant had full knowledge, but which
the plaintiff, who was in the exercise of due care, did not appreciate.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1907, of the superior court by *Chamberlin,* J., on the defendant's exception to the denial of a motion for the direction of a verdict in his favor.

The evidence tended to prove the following facts: The plaintiff was sixteen years old at the time of his injury, and was not so quick of comprehension as the ordinary boy of that age. He was employed to run a matching machine in the defendant's box factory, began work on Saturday, and was injured on the following Monday. On Saturday he had no trouble with the machine. On Monday shavings collected about an open gear on the machine and interfered with its operation. The first time they collected the defendant brushed them away and told the plaintiff to keep them cleared, but he did not call the boy's attention to the gear, nor did he tell him how to remove the shavings or warn him of the danger of his arm being drawn into the gear in case his shirt sleeve came in contact with it while the shavings were being brushed away. A little later the shavings again collected, and the plaintiff brushed them away with his hand. An hour later they again interfered with the operation of the machine. The plaintiff attempted to remove them in the same way, when his shirt sleeve caught in the gear and drew his arm into it, thus causing the injuries complained of. The plaintiff's work at the machine absorbed his attention, and when he was engaged with it he could not see the gear. When he was brushing away the shavings the gear was plainly visible. He worked on the same machine for two weeks about a year prior to his injury, and at that time the gear was enclosed.

*John M. Meserve* and *Frank M. Beckford,* for the plaintiff.

*William B. Fellows* and *Shannon & Tilton,* for the defendant.

YOUNG, J. The defendant says the plaintiff cannot recover (1) because he assumed the risk of his injury and (2) because he was guilty of contributory negligence.

1. Servants assume the risk of the dangers incident to those conditions of their master's instrumentalities only in respect to which he owes them no duty. 1 Labatt M. & S., *ss.* 2, 3. It will be necessary, therefore, to determine whether the law imposed any duty in respect to the gear upon the defendant, in order to decide whether the plaintiff assumed the risk of his injury. The test to decide that question is to inquire whether (1) the plaintiff or (2) the defendant appreciated the risk of the plaintiff's arm being drawn into the gear if his shirt sleeve happened to come in contact with it, and (3) whether the ordinary man would use such a gear on such a machine if he employed such a boy to operate it. *Bennett* v. *Company, ante,* 400. If the defendant was, and the plaintiff was not, in fault for not appreciating that risk, and it was an abnormal one, it was the defendant's duty to use ordinary care to enable the plaintiff to avoid being injured by it. *Boyce* v. *Johnson,* 72 N. H. 41.

The defendant does not question but that it can be found the risk was an abnormal one and that he appreciated it, but he contends that it must be held the plaintiff also appreciated it; so the question for the court is not whether it can be found, but whether it must be held, that the plaintiff appreciated the risk of his arm being drawn into the gear. It will not be necessary to consider whether the plaintiff knew the gear was uncovered; for if that is conceded, it does not necessarily follow that he appreciated the risk of his injury. The test to decide that question is to inquire, not whether he knew the gear to be open, but whether he appreciated the risk of his arm being caught in it. *Disalets* v. *Company, ante,* 140.

It cannot be said as a matter of law that a boy no older than the plaintiff, with no more knowledge of the situation or capacity to appreciate its dangers than he is shown to have had, would realize the risk he ran of his arm being drawn into the gear if his shirt sleeve happened to come in contact with it, from the mere fact that he knew the gear to be uncovered, even if a man familiar with such gears would have realized it. *Demars* v. *Company,* 67 N. H. 404, 406. There is no other evidence which tends to prove that the plaintiff appreciated the risk of his injury. The fact that he worked on the machine for two weeks at another time has no such tendency, for at that time the danger of which he complains did not exist. It cannot be held, therefore, that the plaintiff assumed the risk of his injury.

2. Neither can it be held that the plaintiff was guilty of contributory negligence. The defendant's contention that it must be so held is based on the proposition that the plaintiff knew the gear to be uncovered. But if it were conceded that he knew that fact

and fully appreciated the risk incident to working near it, it could not be said from those facts alone that he was guilty of contributory negligence. Negligence is doing what the ordinary man is not accustomed to do—not what he is in the habit of doing; and that the great majority of men work for others, and that there are known dangers incident to every employment, are both matters of common knowledge. In other words, although it is true that servants who are injured by the condition of their masters' instrumentalities cannot recover when it appears they knew of and appreciated the risks which produced their injuries, the reason they cannot recover is not because the fact of their appreciation of the risks conclusively establishes their fault, but because of the doctrine of assumed risk. *Carr* v. *Electric Co.*, 70 N. H. 308.

Unless it can be said as a matter of law that the danger of being drawn into the gear was so apparent that no prudent man would have undertaken to brush the shavings away with his hands, the plaintiff cannot be held to be guilty of contributory negligence; and it is obvious that it cannot be said that the ordinary man would not have attempted such an act, if he had no more knowledge of the situation and no more capacity to comprehend its dangers than the plaintiff is shown to have had. *Boyce* v. *Johnson*, 72 N. H. 41.

*Exception overruled.*

All concurred.