Hillsborough,
Jan. 5, 1909.

## KELLAND v. JOS. NOONE'S SONS CO.

It is the duty of a master to notify his servants of a danger of the employ-
ment arising from the peculiar condition of premises intended for their use,
of which he is aware and concerning which they are justifiably ignorant.

A servant who is injured by dangerous machinery while acting in disregard
of instructions is not guilty of contributory negligence as matter of law,
unless the risk he supposed he was running was so great that the ordinary
man would not have encountered it.

An exception to the admission of evidence relevant to any issue in the case
ordinarily raises no question of law.

It is sufficient cause for setting aside a verdict that relevant evidence was
used for an improper purpose and that the verdict resulted therefrom.

CASE, for negligence. Trial by jury and verdict for the plain-
tiff. Transferred from the September term, 1907, of the superior
court by *Peaslee*, J.

When the plaintiff began work for the defendants on February
10, 1904, he had never been in a mill or worked around machinery.
After working four or five days in the fulling room, he was set at
work on the sizing machine, which consists of an iron frame in
which are two iron rolls five feet long and fourteen inches in diam-
eter. The plaintiff's work was to put the cloth about to be sized
into the machine. He was told not to go behind the machine
when it was running, but the man who worked with him habitu-
ally went there whenever the cloth was not running evenly through
the rolls. A part of the cloth with which the lower roll was cov-
ered came off on March 1. While the defendants were replacing
it, the cloth used for the purpose wrinkled or bunched up. Instead
of stopping the machine and smoothing out the wrinkles, they told
the plaintiff to go behind the machine and do it. He started to
do as he was told, but it was so dark behind the machine that he
could not see the floor, and when he stepped in he slipped and
fell. His hand came in contact with the rolls, was drawn between
them, and was crushed. The floor back of the machine was uneven
and slippery.

The defendants excepted to the denial of a motion for the direc-
tion of a verdict in their favor, and also to the admission of evi-
dence tending to show the condition of the floor when it was
removed in 1906, and the absence of a guard roll at the back of
the machine.

*Sargent, Remick & Niles* and *Edmund S. Cook*, for the plaintiff.

*Doyle & Lucier*, for the defendants.

YOUNG, J.   1. The plaintiff says that the condition of the floor behind the sizing machine and the want of a guard roll caused his injury.   The test to determine whether it can be held that the defendants were in fault for this condition of their premises is to inquire whether it was a normal one; and if it was not, and they did and he did not appreciate the danger incident to going behind the machine because of it, whether they did what the ordinary man would have done to notify him of the danger. They concede it can be found that the condition of their premises was abnormal, and that they did and he did not appreciate the risk incident thereto; but they deny that they can be found to be in fault in respect to notifying him of the danger.   All they did for that purpose was to tell him, when they set him at work on the machine, not to go behind it when it was running, but at the time they directed him to do so; so the real question on this branch of the case is whether it can be said, from the fact that they told him not to go behind the machine, that he ought to have known the floor was wet and uneven, and that there was no guard roll at the back of the machine.   If it can be said that he ought to have known from that fact that if his hand got caught in the machine it would be crushed, it cannot be said that he ought to have known the floor was in such condition that he would probably get his hand between the rolls if he went behind the machine.   In short, although the plaintiff knew what would happen if his hand was caught between the rolls, it cannot be said that he knew of the condition of the floor which made it probable that his hand would be caught.   Consequently, it can be found that the defendants were in fault; for it is the master's duty to notify his servants of all the dangers of the service peculiar to the way he maintains so much of his premises as are intended for their use, of which he does and they do not know.

2. Was the plaintiff guilty of contributory negligence?   Whether or not the ordinary man will pursue a particular course of action depends to a great extent on his knowledge of the situation and of the risks he will run if he pursues it.   If he thinks the danger is slight, he may pursue a given course, although he would not think of so doing if he appreciated the risk incident thereto.   It is necessary, therefore, in order to determine what the ordinary man would have done if he had been sent behind the machine as the plaintiff was, to consider the situation, as it existed just before the accident, from the plaintiff's point of view.   He knew that if

he was caught between the rolls he would be crushed, and that he had been told not to go behind the machine when it was running. It must be held, therefore, that he knew there was danger of his being crushed if he went there. But he did not know why it was dangerous to go there. For all he knew, the only risk in going behind the machine was that incident to his accidentally doing something which would bring him in contact with the rolls. He did not know that the floor back of the machine was in such a condition that he would be likely to come in contact with the rolls if he did not use great care. He may well have thought the risk was very slight, since he had frequently seen the man who worked with him go behind the machine to smooth out cloth they were sizing. It cannot be said, therefore, that the plaintiff was guilty of contributory negligence; for the test to determine that question is to inquire whether the risk he supposed he was running was so great that all fair-minded men will agree that the ordinary man would not have encountered it. *Goodale* v. *York*, 74 N. H. 454; 29 Cyc. 518, 519; 7 Am. & Eng. Enc. Law 392, 393; 37 Cent. Dig., *tit.* Negligence, *s.* 86.

3. The plaintiff was not permitted to use the evidence in respect to the removal of the floor in 1906 to prove the defendants' fault. All the use he was allowed to make of it was to show that the witnesses who testified as to the condition of the floor at that time had an opportunity to know about the matter as to which they testified. It is conceded that the condition of the floor at that time is relevant to the issue of its condition at the time the plaintiff was injured. Since this is so, the exception to its admission raises no question of law. *Curtice* v. *Dixon*, 74 N. H. 386.

4. One of the issues was whether the condition of the defendants' premises of which the plaintiff complained was normal. It is obvious that evidence that the guard roll on the back of the machine was not in use at the time of the accident was relevant to that issue. Therefore, if it is true, as the defendants contend, that this evidence produced the verdict, that fact alone does not furnish cause for a reversal. *Lambert* v. *Hamlin*, 73 N. H. 138. To justify such a proceeding, it must appear that the plaintiff made an improper use of the evidence and that the verdict resulted therefrom.

*Exceptions overruled.*

PEASLEE, J., did not sit: the others concurred.