Hillsborough, } 
Jan. 5, 1915. }

## FRANK B. BLOOD v. NEW BOSTON.

The question of contributory negligence is properly submitted to the jury unless the plaintiff's carelessness is so apparent that all fair-minded men must pronounce him negligent.

One driving along a country road with a horse which is considered entirely safe is not chargeable with negligence as matter of law because he approaches an unrailed culvert at a slow trot, holding the reins loosely in one hand.

CASE, for personal injuries. Trial by jury and verdict for the plaintiff. Transferred from the May term, 1914, of the superior court by *Young* J., on the defendants' exceptions to the denial of motions for a nonsuit and a directed verdict.

The evidence tended to prove that the plaintiff was injured when a wagon in which he was riding ran off the end of an unrailed highway culvert in the defendant town. As the plaintiff approached the culvert he held the reins loosely in one hand. The horse was moving at a slow trot. Just as the team reached the culvert the horse shied sharply to the right and went over the end of the culvert into the brook beneath, taking the wagon and driver with him. The horse was from twelve to fifteen years old, safe, and kind. The plaintiff had driven him daily for about two months, and during that time he had not shied nor misbehaved in any way. The plaintiff knew that the road was narrow, that the culvert was unrailed, and that the drop over the end was more than eight feet; but he considered the horse perfectly safe, and neither anticipated, nor had reason to anticipate, anything at that place likely to frighten such a horse.

*Charles L. Luce* and *Taggart, Burroughs, Wyman & McLane (Mr. Wyman* orally), for the plaintiff.

*Wason & Moran (Mr. Wason* orally), for the defendants.

Plummer, J.   It is conceded that there was evidence in the case from which the jury could find that the defendants were negligent. Therefore, the only question for consideration is: Could the jury find that the plaintiff was in the exercise of due care or free from negligence at the time of the accident?   The defendants claim that the plaintiff was negligent in driving his horse.   Unless the carelessness of the plaintiff was so apparent that all fair-minded and reasonable men must agree that he was negligent, the case was properly submitted to the jury, and their verdict cannot be disturbed. *McGill* v. *Company,* 70 N. H. 125, 129; *Minot* v. *Railroad,* 74 N. H. 230, 234; *Kelland* v. *Company,* 75 N. H. 168, 170.

It cannot be said, as a matter of law, that driving in the way the plaintiff did, considering all the circumstances, was negligent to that extent that all reasonable men would so regard it.   It is not uncommon for men to drive a safe, kind horse on a country road, where there is apparently nothing to frighten a horse, upon loose reins held in one hand.   Undoubtedly it is a common method of driving under such circumstances.   The plaintiff, having no reason to suppose his horse would shy on the culvert, had no occasion to drive him on tight reins held in both hands.   "Precaution is a duty only so far as there is reason for apprehension."   *Shea* v. *Railroad,* 69 N. H. 361, 364.   Upon the question of the plaintiff's negligence, it may be, as said in *Mitchell* v. *Railroad,* 68 N. H. 96, 116, that "reasonable and fair-minded men might differ; but it cannot be declared that no reasonable man could find as the jury did." Whether an ordinary man would have driven as the plaintiff did was a question of fact for the jury and was properly submitted to them.

*Exceptions overruled.*

Young, J., did not sit: the others concurred.