Hillsborough, }
June 29, 1918. }

### ALBERT J. LAPOINT v. MONADNOCK PAPER MILL.

A mill-operator who has not accepted the provisions of Laws 1911, c. 163 is liable for an injury to an employee caused by the negligence of his fellow-servant; and in such case an employee who performs his work in a method authorized by the foreman does not assume the risk of his omission to require the work to be done either with more men or by some appliance.

In such case, the questions whether a foreman who saw and participated in the plaintiff's method of doing the work thereby endorsed the method, and whether the foreman, by reason of his authority and superior knowledge, should have forbidden the use of such method, are for the jury.

CASE, for negligence, brought under Laws 1911, c. 163.   Trial by jury and verdict for the plaintiff.   Transferred from the September term, 1917, of the superior court by *Marble*, J., upon the defendant's exceptions to the denial of its motion for a directed verdict and to a portion of the charge to the jury.   The facts are sufficiently stated in the opinion.

*Doyle & Lucier (Mr. Lucier* orally), for the plaintiff.

*Jones, Warren, Wilson & Manning (Mr. Wilson* orally), for the defendant.

Peaslee, J.   The plaintiff was an employee of the defendant in a paper mill; and, as the defendant had not accepted the provisions of Laws 1911, chapter 163, it is liable in this action for injuries to the plaintiff caused by the negligence of any of its other servants.   *Ib., s.* 2.

It could be found from the evidence that the plaintiff had lifted the rear end of a roll weighing 800 pounds from a truck on which it was lying, his object being to help move the roll forward on the truck.   A fellow-servant who attempted to assist in the operation by lifting the forward end was unable to do so.   Thereupon the foreman, Claflin, who was capable of lifting 500 pounds or more, took hold of the forward end, lifted it suddenly, and as he did so thrust the roll and the truck against the plaintiff who still held the rear end.   The added weight or strain thus put upon the plaintiff caused the injuries for which this action is brought.   It is evident that fair minded men might well conclude that the act of the foreman was a negligent one.   The defendant argues that because there were other men and appliances available for moving the roll, therefore it is not liable, since the plaintiff voluntarily undertook to do the work in the more dangerous way.   One answer to this is that it could be found that the plaintiff had no reason to anticipate that the foreman would negligently put upon the plaintiff the dangerous strain to which he was subjected.   It is certain that Claflin saw the method the plaintiff was using, and not only did not forbid it but himself participated in the transaction.   In this state of the evidence it cannot be concluded as matter of law either that the plaintiff voluntarily undertook a risk not within the scope of his employment or that his taking the method of work into his own hands was the cause of his injury.

The defendant also contends that it was error to give the following instruction to the jury: "In cases of this nature the master is bound to exercise reasonable care to provide the servant with a sufficient number of suitable assistants or fellow-servants to properly do the work.   I do not understand that there is any claim but that there were sufficient workmen about the mill whom Mr. Claflin could have secured to help in lifting the roll.   The alleged negligence,

as I understand it, is the failure of Mr. Claflin, who represented the defendant, to procure them.    The plaintiff says that Mr. Claflin did not act as a reasonably prudent man in failing to order more men to do the work.    The defendant says that he did.    And that is a question of fact for you to decide."

It is true, as the defendant claims, that there were plenty of men available for the work; but any theory of negligence in that respect was expressly excluded from consideration.    The point submitted by this instruction was whether the foreman, because of his position and superior knowledge, ought to have exercised his authority and prevented the opportunity for the occurrence of such an accident. Whether he should have done so, or whether the method the plaintiff adopted should have been tacitly endorsed by the foreman was peculiarly a question for the jury.    They might have found either that the foreman should have forbidden the plaintiff's line of endeavor, or that participation in it required care which the foreman failed to use when he lifted the forward end of the roll.    The instruction excepted to merely served to submit one of these views for the consideration of the jury.

Nor is the instruction open to objection upon the ground that the plaintiff assumed the risk of this method of work, since the statute takes this defence away from employers who do not accept the provisions of the act.    Laws 1911, c. 163, s. 2; *Nawn v. Railroad*, 77 N. H. 299, 305.

*Exceptions overruled.*

All concurred.