Hillsborough, }
June 1, 1920. }

### WILFRED J. MARTEL v. WHITE MILLS OF NEW HAMPSHIRE.

In an action for personal injuries under the employers' liability act (Laws 1911, c. 163) the employer is liable for an injury caused by the negligence of a co-employee although he may have acted in violation of a rule of the employer.

In such action it cannot be held as a matter of law that the plaintiff was guilty of negligence unless the evidence so plainly and clearly establishes that fact that no reasonable man could come to any other conclusion.

Where the conduct of counsel before the jury may have indicated that he had no confidence in his case, the assertion by opposing counsel that the former knows his client is liable is not exceptionable though such assertion is stated directly as a fact.

If a litigant presents to the jury one clear and distinct issue and it is clearly apparent that he relies upon no other claim, the submission of any other issue is error.

ACTION, for personal injuries under Laws 1911, c. 163. The defendants were subject to the above act, and had not accepted its provisions. Trial by jury and verdict for the plaintiff. There was a view of the premises where the plaintiff was employed. The machine upon which he was injured was seen when at rest and when in motion.

Exceptions were taken by the defendants to the denial of their motions for a nonsuit and for a directed verdict, to argument of counsel, and to the charge of the court. The facts appear in the opinion. Transferred from the September term, 1919, of the superior court by *Marble*, J.

*Doyle & Doyle (Mr. Jeremiah J. Doyle orally)*, for the plaintiff.

*Nathaniel E. Martin (by brief and orally)*, for the defendants.

PLUMMER, J. The plaintiff's evidence tended to prove the following facts. The plaintiff was employed in the defendants' cotton mill to

grind and repair their cards. He had been thus employed for a year and a half before his injury. The accident occurred on a dark, cloudy morning, a few minutes after seven, October 19, 1917.

When the plaintiff came to work that morning, the second hand informed him that a card was wet, and needed drying. The plaintiff immediately went to the card, stopped it, and after going upstairs and putting on his overalls, returned to the card, and took out its feed-roll (its cotton-rolls already had been removed). He then started to go upstairs to obtain some whiting to use in drying the card, but on his way he remembered that there was no whiting, and went back to the card and took some waste, and rubbed it across the feed-plate once or twice, when his fingers were caught, and drawn into the licker-in, and injured. When he started to wipe the feed-plate he did not notice the card was running. He could have seen it was running if he had looked, but he had just stopped it, and supposed it was not in operation. There was a well-known and strictly enforced rule of the defendants that where a card was out of order, and was stopped to be repaired, no one should start it except the repair man. On the morning of the accident the card in question and the floor about it were wet, and it was plain to be seen that the machine was not in condition to operate. The room where the plaintiff was injured contained two rows of cards, fifteen cards in a row.

When the plaintiff was at work about the card that morning, before the accident, there were two employees working two or three cards beyond where the plaintiff was, at a distance of about fifteen feet. One of these men by the name of Belanger operated the row of fifteen cards that included the card involved in the accident. The other employee operated the other row of cards, but they worked together in stripping the cards. Belanger as he stood was facing, and in full view of the plaintiff, and the other operative was standing with his back to the plaintiff. Nine or ten other employees, who were working in another part of the room, were not visible from the place where the accident occurred.

If it could be found upon the plaintiff's evidence that the accident was caused by the negligent act of an employee of the defendants, this would establish their liability, unless it appeared "by a preponderance of evidence that the negligence of the plaintiff contributed" to cause the accident. Laws 1911, c. 163, s. 2.

It is claimed by the defendants that it could not be found that Belanger or any other employee of the defendants started the card in the absence of the plaintiff. The evidence was that the card was

not in operation when the plaintiff left the room; that it was running when he returned; that no one was in the room except the employees of the defendants, and that the card would not have started except by human aid. Therefore the jury would be amply justified in concluding that an employee started the card. The defendants say that, if an employee did negligently start the card after the plaintiff had stopped it for the purpose of repairs, he was transgressing a well-known and never-violated rule of the defendants, and that in so doing he was not within the scope of his employment, and therefore the defendants would not be liable for his negligent act. If this position might be maintained at common law, it cannot be sustained under the above statute, which applies to this case. That act provides that if personal injury by accident arising out of and in the course of his employment is caused to a workman by the negligence of a co-employee, the employer is liable. And if the employee in starting the card, which the plaintiff had stopped, was violating a rule of the defendants, he was, nevertheless, under a liberal construction of the statute their employee for whose negligence they were responsible. The statute (Laws 1911, c. 163) upon which this action is founded is remedial in its nature, and as such should, and has received a liberal construction in this state. *Boody* v. *Company*, 77 N. H. 208; *Wheeler* v. *Contoocook Mills*, 77 N. H. 551; *Barber* v. *Company*, ante, 311.

The defendants contend that the plaintiff's contributory negligence precludes his recovery in this action; that his conduct in rubbing the feed-plate with waste, without observing that the card was running, demonstrates his inexcusable carelessness.

It cannot be held as a matter of law that the plaintiff was guilty of negligence unless the evidence so plainly and clearly establishes that fact that no reasonable man could come to any other conclusion. If the situation is such that ordinary men might differ in determining the question of the plaintiff's carelessness, it is the judgment of the jury that is required, and "the court cannot usurp the province of the jury, or decide as a matter of law what is plainly a question of fact." *Demars* v. *Company*, 67 N. H. 404, 406; *Roberts* v. *Railroad*, 69 N. H. 354; *Whitcher* v. *Railroad*, 70 N. H. 242, 246; *Minot* v. *Railroad*, 74 N. H. 230, 234; *Goodale* v. *York*, 74 N. H. 454; *Kelland* v. *Company*, 75 N. H. 168, 170; *Weeks* v. *Company*, 78 N. H. 26, 30.

The cotton-card upon which the plaintiff was injured was largely covered in, but the evidence tended to prove that there was a pulley at either end of the machine that was exposed to view, and there was

an open space over the licker-in of an inch and a half. If one approaching the card noticed, he could tell if it were in operation, for he could see whether the pulleys and the licker-in were revolving. If the plaintiff when he first entered the room in the morning had met with the accident in question, his carelessness in not observing that the machine was in operation would have been inexcusable. The circumstances, however, that produced the accident were peculiar. The facts deducible from the evidence are that the plaintiff just previous to the accident stopped the card; that, when he left it to obtain some waste, it was at rest, and would have remained so if it had not been put in motion by some person; that he was absent for only a minute or two; that he was fully aware of the well-known and inviolate rule of the defendants that no one should start the card after he had stopped it for repairs except himself, and the appearance of the card plainly indicated that it was out of repair, and the removal of the feed-roll and of the cotton-rolls showed that it was not equipped for operation. The jury might well conclude under such conditions that the plaintiff was not guilty of negligence in failing to look and see if the machine were in operation before he began to rub the feed-plate; that it was not unreasonable for him to assume that the card was at rest, and to commence his work upon it without thinking to notice whether it was in motion. "Precaution is a duty only so far as there is reason for apprehension." *Shea* v. *Railroad*, 69 N. H. 361, 364.

The jury were warranted in finding that the plaintiff was not negligent in failing to perceive that the card was running, and that his supposition that it was not in operation, which was responsible for his failure to observe it, was justified. "Upon the question of the plaintiff's negligence, it may be, as said in *Mitchell* v. *Railroad*, 68 N. H. 96, 116, that 'reasonable and fair-minded men might differ; but it cannot be declared that no reasonable man could find as the jury did.'" *Blood* v. *New Boston*, 77 N. H. 464.

Counsel for the plaintiff in argument said: "Right down in brother Martin's heart he knows that this plaintiff has told you absolutely the truth, and that this defendant is liable in this cause of action." Exception was taken by the defendants to this language. Previous to the making of the above statement, plaintiff's counsel had called attention to the manner in which defendants' counsel had tried the case, claiming that his appearance and the way he conducted himself before the jury were evidence that he had no confidence in the defendants' case. If the conduct of counsel before the jury appeared to indicate that he had no confidence in the case, and we cannot

say that it did not, then it might properly be argued therefrom that he knew the plaintiff's evidence was true, and that the defendants were liable. And it was not exceptionable because it was stated directly as a fact. *Lord* v. *Railway,* 74 N. H. 295; *Kambour* v. *Railroad,* 77 N. H. 33, 52; *Sanders* v. *Railroad,* 77 N. H. 381, 384; *Grossbard* v. *Railway,* 78 N. H. 496; *State* v. *Small,* 78 N. H. 525, 529. While argument of this character is not to be commended, it does not furnish a ground for disturbing the verdict.

The court instructed the jury that if the accident was due to the negligence of a fellow-workman of the plaintiff, then the defendants would be liable, providing the plaintiff was free from fault. The defendants excepted, contending that the instruction relating to negligence should not have been general, referring to any employee of the defendants, but should have been limited to the negligence of Belanger. The defendants take the position that the plaintiff presented and tried his case solely upon the ground that the card was negligently started by Belanger, and that this issue only should have been submitted to the jury. If a litigant presents to the jury one clear and distinct issue, and it is clearly apparent he relies upon no other claim, then the submission of any other issue is error. *Bjork* v. *Company, ante,* 402; *Gage* v. *Railroad,* 77 N. H. 289, 296.

In the plaintiff's declaration it is set forth in general terms that the plaintiff was injured by reason of the negligence of a fellow-employee in starting the card upon which the accident occurred. The evidence introduced was not confined to proving that Belanger was the only employee who could have started the card in the plaintiff's absence, but it could be deduced from the testimony that it was done by Belanger or his fellow-employee who was working with him. The plaintiff's counsel in his opening statement and in argument stated that Belanger started the card. There are, however, general statements therein which indicate that the plaintiff did not intend to rest his right of recovery solely upon the negligent act of Belanger, but upon the negligence of any employee of the defendants. A careful consideration of the case, and of the manner in which it was tried, leads to the conclusion that the court did not err in declining to instruct the jury that they must find that the accident was caused by the negligent conduct of Belanger, or return a verdict for the defendants.

*Exceptions overruled.*

All concurred.