Strafford, }
March 7, 1922. }

BENJAMIN R. CUNNINGHAM, *by his next friend*, LILLIAN B.
CUNNINGHAM, *v.* LEON C. SPAULDING & a.

The failure of a master to inspect an appliance furnished for his servant's use
does not constitute actionable negligence, if the particular defect which caused
the servant's injury was not reasonably to be anticipated and was not known
by the master in season to prevent the accident.

CASE, for negligence. Trial by jury and verdict for the plaintiff.
The defendants were subject to, and had accepted the provisions
of Laws 1911, *c.* 163.

The plaintiff claimed that he was injured by being cut upon a rusty
nail protruding from a wooden box. The facts appear in the opinion.

The defendants' motion for a nonsuit was denied subject to excep-
tion. Transferred from the February term, 1921, of the superior
court by *Marble*, J.

*Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the plaintiff.

*Lucier & Lucier* (*Mr. Alvin J. Lucier* orally), for the defendants.

PLUMMER, J. The plaintiff at the time the accident occurred was
engaged in soaking shoe counters in a tank. The counters were
brought on trucks to the soaking tank packed in wooden boxes 12 x 16
x 6 inches. The sides of the boxes were one half of an inch thick.
There were fourteen thousand of these boxes in the defendants' shop,
and two hundred and fifty to four hundred and fifty went to the
soaking tank each day.

The plaintiff's evidence tended to establish the following facts:
When the plaintiff was injured he was lifting a box filled with counters
from a truck to a shelf on the tank, and in turning it around caught
his right thumb and cut it on the point of a small nail sticking out
through the side and near a corner and the bottom of the box. The
nail was not one of those used to hold the box together, but it pierced
the side of the box diagonally, its point protruded from the outside
one fourth of an inch, and its head stuck up on the inside about three
fourths of an inch. The plaintiff saw it after he emptied the box,
pulled it out, and threw it away. There is no claim that any one
else saw the nail or knew it was there. The box was black and

dirty, and the nail was dark and rusty. If one had been looking for the nail and had good eyesight, he might have found it.

The plaintiff contends that the defendants were negligent, and are liable for the accident because they did not maintain an inspection of the boxes sufficiently thorough to discover the nail. The defect was unusual and extraordinary in its character. From the location of the nail in the box, it is apparent that in the ordinary course of events, it would not have gotten there in the process of manufacture or use of the box. There was no evidence to show how it might have come there. So far as appeared this was the first occurrence of the kind that ever was known. There was no evidence in the case from which it could be found that the defendants had any reason to apprehend such a defect. Therefore they were not required to guard against it because "precaution is a duty only so far as there is reason for apprehension." *Shea* v. *Railroad,* 69 N. H. 361.

It is obvious that it would have required a very minute and close inspection of the boxes to discover a defect like the one here complained of. Considering all the circumstances as shown by the evidence, it would be unreasonable to hold the defendants responsible for their failure to maintain such an inspection. Moreover the failure of the defendants to discover and remedy a defect, of which they had no knowledge and no reason to anticipate, cannot render them liable for an accident caused thereby. "The failure of a master to inspect an appliance furnished for his servant's use does not constitute actionable negligence, if the particular defect which caused the servant's injury was not reasonably to be anticipated and was not known by the master in season to prevent an accident." *St. Pierre* v. *Foster,* 74 N. H. 4. It is urged by the plaintiff that this case is similar to *Casey* v. *Company,* 79 N. H. 42, in which a verdict for the plaintiff was sustained. An examination of that case will disclose that the facts were materially different. There the defect was a sliver of iron which projected from a hoop on an ale barrel. Such defects naturally would result from the use of barrels with iron hoops, and should be anticipated, discovered and remedied.

*Exception sustained: verdict set aside: judgment for the defendants.*

All concurred.