Strafford,     ⎰
June 28, 1923. ⎱

### EDGAR C. HODGES v. J. SPAULDING & SONS CO.

A master is not liable at common law for the negligent act of a fellow-servant of an employee injured thereby unless such fellow-servant had been negligent so frequently on other occasions or under such circumstances as would put the ordinary man on inquiry.

CASE, for negligence. Trial by jury. The plaintiff was injured while working for the defendants as a machine fixer. He had charge of five of their cutting machines, and it was his duty to adjust the knives and keep the machines in repair. The power is applied to these machines by a friction clutch, and all that is necessary to start them is to move a few inches the lever which controls the clutch.

When a machine is stopped by using this lever, the only way it can be started is by using it. One of these machines broke down on the day of the accident, and before the plaintiff began work on it he moved the lever as it should be moved to stop the machine and then went to work. After working a few minutes, it started and he was injured. He did not touch the lever after he began work on the machine, and Read, his foreman, was the only other man who was near enough to move it.

At the close of the plaintiff's evidence, the defendant moved for a nonsuit, and the court, *Branch*, J., granted the motion subject to exception.

Other facts are stated in the opinion.

*William N. Rogers* and *Mathews & Stevens* (*Mr. Rogers* orally), for the plaintiff.

*Lucier & Lucier* (*Mr. Alvin J. Lucier* orally), for the defendants.

PLUMMER, J. As the defendants had accepted the provisions of the employers' liability act, Laws 1911, *c.* 163, the plaintiff cannot recover unless he shows that his injury was caused by the defendants' failure to perform a duty the law imposed on them for his benefit, for at common law an employee assumes the risk of injuries caused by the negligence of his fellow-employees.

The plaintiff concedes that this is the law, but contends that the defendants are in fault because they failed to provide a competent foreman. In other words, he contends that Read was both incom-

petent and careless, that the defendants either knew or ought to have known these facts, and that but for their fault in this respect, the accident would not have happened.

The only evidence relevant to either of these issues is the testimony of two of the defendants' employees, both machine fixers, who had worked under Read for some considerable time. They both testified that he was incompetent, that they had seen him attempt, a number of different times, to repair one of these machines, and that usually the machine he fixed would not do good work.

Incompetent, when applied to an employee, is used in two very different senses, (a) as one who is not qualified to do what he is employed to do and, (b) one who is so negligent, careless or reckless, that he is liable to injure those with whom he comes in contact.

The first question to be considered, therefore, is whether it can be found either that Read could not do what he was employed to do or that he was careless, and that the defendants either knew or ought to have known these facts. The fact that Read could not keep these cutting machines in such a condition that they would do good work has no tendency to prove that he could not do what he was employed to do; for he was not employed to fix these machines but to see that those who were employed to do this work did their duty.

It cannot be found, therefore, that the defendants were in fault unless it can be found that they either knew or ought to have known that Read was careless.

There is nothing in the record which even tends to the conclusion that they knew Read was negligent. In fact, from all that appears previous to the accident, he had never done a single careless act in all the years he had worked for them.

The question, therefore, whether it can be found that the defendants ought to have anticipated that the plaintiff might be injured by Read's negligence resolves itself into whether it can be found from the fact he was negligent on this occasion, and from that fact alone, that they ought to have anticipated he would be. It is obvious that the evidence will not sustain such a finding. To charge the defendants with that, it must appear that Read had been negligent so frequently on other occasions, or under such circumstances, as would put the ordinary man on inquiry. *Shea* v. *Railroad,* 69 N. H. 361, 363; *Morrison* v. *Company,* 70 N. H. 406, 408; *Davis* v. *Railroad,* 70 N. H. 519, 520; *Myers* v. *Railroad,* 72 N. H. 175, 176; *Minot* v. *Railroad,* 73 N. H. 317, 319; *Brown* v. *Railroad,* 73 N. H. 568, 575; *Lord* v. *Railroad,* 74 N. H. 39, 46; *Hobbs* v. *Company,* 74 N. H.

116, 120; *Madden* v. *Railroad,* 76 N. H. 379, 382; *Garland* v. *Railroad,* 76 N. H. 556, 567; *Blood* v. *New Boston,* 77 N. H. 464; *Martel* v. *White Mills,* 79 N. H. 439, 442.

*Exception overruled.*

All concurred.