Hillsborough,
Nov. 5 1929

LAURA JUTRAS *v.* AMOSKEAG MANUFACTURING CO.

*Doyle & Doyle* (*Mr. Paul J. Doyle* orally), for the plaintiff.

*Warren, Howe & Wilson* (*Mr. Howe* orally), for the defendant.

MARBLE, J.  The plaintiff's sole claim is based upon the alleged failure of the defendant to furnish her a safe work-place.  She does not contend that this alleged failure was due to any structural defect in the premises but merely to the defendant's method of washing the floor.  Ordinarily such work would constitute an act of service, creating mere transitory perils and giving rise to no liability on the part of an employer who had furnished safe materials and made proper rules.  *Smith* v. *Railroad*, 73 N. H. 325; *Manning* v. *Manchester Mills*, 70 N. H. 582.

The frames in the spinning room where the accident happened were set up in rows of sixteen, extending from east to west across the room.  At the southerly end of the frames on which the plaintiff was working there was a long passageway called the main alley to distinguish it from the narrower alleys or spaces between the separate frames.  It was customary to scrub the main alley each week and to remove the oil which had dropped down under the ends of the frames.  According to the plaintiff's own testimony it was not the practice to wash the spaces between the spinning frames, and she declared that they never had been washed during the nine months that she had been employed there.  While the testimony of the scrubber is not altogether clear on the subject, the only reasonable inference to be drawn from the evidence as a whole is that the spaces between the frames, if washed at all, were not washed simultaneously with the main alley.  The operatives were working in these spaces, and scrubbing there would naturally interfere with their work.

On the day of the accident the scrubber while washing the main alley permitted the water to flow over into the space in front of the spinning frame where the plaintiff was standing.  At the southerly end of the frame there was a receptacle for waste.  The plaintiff was going toward this receptacle with waste in her hand when she fell.  The spot where she slipped was about three feet north of the main alley and in approximately the center of the four-foot space which separated the frames.

Proof of the defendant's negligence is entirely lacking.  The plaintiff's assertion that scouring the floor with a wet broom and then mopping up the water was a dangerous method because "if the mop was not used properly some of the water was bound to remain on the floor" does not dispose of the case.  So far as shown, the defendant had given the scrubber adequate instructions for the protection of his fellow-employees.  The burden of proving the contrary was upon the plaintiff.  *Hook* v. *Company*, 82 N. H. 75, 76, and cases cited.

It does not appear that water had ever been spilled in the spaces between the spinning frames before. The plaintiff, on being asked if she had ever known this to happen, answered: "No, never." The defendant, having presumably prescribed suitable regulations and having no reason to suspect that the scrubber was negligent or incompetent (*Hodges* v. *Company*, 81 N. H. 101, and cases cited), cannot be charged with knowledge that this was likely to occur. For this reason, the evidence that the combination of soap and soda used in scrubbing made the floor slippery for a short time is not material, and the question of the coöperating negligence of master and fellow-servant, which the plaintiff raises, is not involved. *Parmaleau* v. *Company*, 75 N. H. 69, 70. Moreover, so far as the use of soap and soda is concerned, there is no evidence that any other cleansing substance would have made the floor less slippery.

As counsel for the defendant has suggested in oral argument, the situation would have been the same if the scrubber had negligently left his mop in one of the spaces between the frames, and the plaintiff had stumbled over it. Under such circumstances it could hardly be held that the defendant had failed in its non-delegable duty to provide a safe work-place. The fault would be that of a fellow-servant for which the defendant would not be liable. *Tilley* v. *Company*, 74 N. H. 316; *Galvin* v. *Pierce*, 72 N. H. 79; *McLaine* v. *Company*, 71 N. H. 294; *Bodwell* v. *Company*, 70 N. H. 390; *Nash* v. *Company*, 62 N. H. 406.

The case of *Watts* v. *Company*, 80 N. H. 152, does not conflict with this result, for the defendant in that case had not accepted the provisions of Laws 1911, *c.* 163 (P. L., *c.* 178), and was therefore liable "for injuries to the plaintiff caused by the negligence of any of its other servants." *LaPoint* v. *Monadnock Paper Mill*, 79 N. H. 61, 62. In the present case the defendant has accepted the requirements of the workmen's compensation act, and is consequently entitled to invoke the fellow-servant rule in its defence. *Hodges* v. *Company*, 81 N. H. 101.

*Judgment for the defendant.*

All concurred.