Strafford,
Jan. 3, 1939. } No. 3022.

ORMAN MANN *v.* PETERSON MOTOR EXPRESS, INC. *& a.*

2

*Murchie, Murchie & Blandin (Mr. Alexander Murchie* orally), for the plaintiff.

*Snow & Peyser (Mr. Snow* orally), for the defendants.

WOODBURY, J. The record discloses that counsel for the defendants did not expend an inordinate amount of time upon the issue of damages. The inference of fact urged upon the jury in the above quoted argument was therefore unwarranted by the evidence, and since it received the sanction of the court, the plaintiff's verdict must be set aside. *Salvas v. Cantin,* 85 N. H. 489, 491 and cases cited.

There is, however, another and a broader ground upon which to base our conclusion that this argument was improper. This is the ground of public policy mentioned in *Christie* v. *Company,* 87 N. H. 236, 238. In that case the jury were urged to infer that the defendant was liable in damages for the injuries which resulted from an automobile accident from the fact that soon thereafter it made a full and careful investigation of the scene at which that accident took place. In holding this argument to be improper we said: "to permit an inference of fault to be drawn from an endeavor to discover facts would tend to defeat rather than to promote the ascertainment of truth, which is the object of all trials."

Similar considerations apply to condemn the argument made in the case at bar. Here the jury were urged to infer the defendants' causal negligence not from the fact that his counsel had slighted the issue of liability but from the fact that he had seriously contested the issue of damages. To allow arguments of this sort to stand would not only discourage counsel in the adequate preparation and presentation of their cases to the jury, but it would also impale them upon the horns of a dilemma. In each case counsel would have to choose between inadequate presentation of an issue and the consequent risk of non-persuasion, and adequate presentation and the risk of an argument to the effect that by so doing they had conceded the justice of their opponent's case upon the other issues involved. We cannot endorse a rule of law which would lead to such unfortunate results.

There is a fundamental distinction between the kind of argument here under consideration and the kind permitted, but not commended, in *Martel* v. *White Mills*, 79 N. H. 439, 443. In that case as well as in those which hold that counsel may comment upon the failure of opposing counsel to call witnesses shown to be available, (Hen. Dig. Tit. Procedure, *p.* 1257, *et seq.*), it was the laxness, not the diligence of counsel which was used in argument against him. Arguments of this latter sort have some tendency to stimulate better workmanship on the part of counsel while arguments like the one in the case before us tend in the opposite direction.

The defendants' exception to the denial of their motions for a nonsuit and for a directed verdict have been waived. The matters involved in their other exceptions to the plaintiff's argument are unlikely to arise at the next trial and so do not require consideration.

*New trial.*

Branch, J., was absent: the others concurred.