MARY A. NICHOLSON v. SOUTHERN EXPRESS COMPANY.

(Filed 10 November, 1915.)

**1. Common Carriers—Places of Business—Invitation, Express or Implied—Safety of Patrons.**

Common carriers and others who induce the public to come into their places of business by invitation, express or implied, owe to them the duty of using reasonable care to keep the premises in a safe condition, so that their patrons may not unnecessarily be exposed to danger.

**2. Same—Express Companies—Negligence—Trials—Questions for Jury.**

Where upon notice a patron of an express company, an elderly lady, has gone to the company's office to receive an express package, and in her action to recover damages there is evidence tending to show that to repair the floors therein the flooring had been removed in front of the door, and a bystander helped her across, but being detained, the sills had also been removed when she desired to leave, and the same person who had assisted her, threw down a plank for her to cross, which she attempted to do, but went back, observing that the plank would break with her, within the sight and hearing of the agent and his clerk, about five feet off, but who paid no attention to her; whereupon she, being compelled to go home, again made the attempt to cross, but her foot slipped and she fell to her injury: *Held,* evidence sufficient upon the question of defendant's actionable negligence to take the case to the jury.

APPEAL by plaintiff from *Cooke, J.,* at the February Term, 1915, of GRANVILLE.

Civil action. At the conclusion of the evidence his Honor granted a motion to nonsuit, and the plaintiff appealed.

*A. W. Graham and A. W. Graham, Jr., for the plaintiff.*
*B. S. Royster for the defendant.*

BROWN, J. The plaintiff sues to recover damages from the defendant for an injury sustained in the office of the defendant in Oxford. The testimony tends to prove that the plaintiff, an elderly lady, upon notice

from the defendant, called at its office for the purpose of receiving a package consigned to her through the defendant. Upon entering the office door, she found that the floor extending from the street back into the office for a space of six feet long and four feet wide had been torn up, exposing the sleepers upon which the floor had rested. The defendant was repairing the office floor by taking up some of the sleepers which were rotten. The plaintiff was assisted across the sleepers to the counter, behind which the defendant's agent stood, by the hand of a bystander. The agent detained her some time before delivering the package.

During this time the sleepers had been entirely cut away by the workmen and the pieces thrown down into the hole in the floor. When the plaintiff had received the package and turned to go out, the same person who assisted her in threw down a thin piece of plank across the hole in the floor, across which the plaintiff started to wolk. Fearing that she would break through, she got back on the solid floor, remarking: "I cannot walk that plank; it will break through with me." This was said in the hearing of the agent and his clerk, who at the time were playing with a puppy within five feet of the plaintiff. They both saw the hole in the floor and the plaintiff's predicament, but offered her no help.

The plaintiff, seeing that no one would help her, and being compelled to go home, stepped down into the hole and attempted to get across it so as to reach the street. Her foot slipped, something causing her to stumble, and she was thrown forward with great force and was badly bruised and injured.

We think this evidence, if taken to be true, makes out a clear lack of duty to the plaintiff upon the part of the defendant's agent. It is well settled that not only common carriers, including express companies, but merchants and others who induce the public to come to their places of business by invitation, express or implied, owe to them the duty of using reasonable care to keep the premises in a safe condition so that their patrons may not be unnecessarily exposed to danger. 29 Cyc., 453; 2 Shearman and Redfield on Negligence, page 106.

Upon the state of facts presented in this record, the plaintiff cannot be said to be guilty of contributory negligence upon her own evidence. On the contrary, it may well be argued to the jury that she was in a predicament brought about by the defendant's negligence and that she had to go home and took the only way out in order to reach the street. In doing so, to say the least, it is a question for the jury if she exercised such reasonable care as a person of ordinary prudence would be expected to exercise under the circumstances in which she was placed. *Darden v. Plymouth,* 166 N. C., 492.

There must be a new trial.

Reversed.