FANNIE KRAUS, Respondent, *v.* MARIE M. WOLF, Appellant.

(Argued February 13, 1930; decided March 18, 1930.)

*Theodore H. Lord* and *James B. Henney* for appellant. There was no evidence of any defect or proof of any condition likely to cause a person using the step to slip. (*Curtis* v. *L. I. R. R. Co.*, 233 N. Y. 554; *Tryon* v. *Chalmers*, 205 App. Div. 816; *Abbott* v. *Richmond Co. Country Club*, 211 App. Div. 233; *Dwyer* v. *Hills Bros. Co.*, 79 App. Div. 45; *Kipp* v. *Woolworth & Co.*, 150 App. Div. 283; *Green* v. *Green*, 212 App. Div. 381; *Mona* v. *Erion*, 223 App. Div. 526.)

*William F. McNulty, Harold R. Medina* and *Joseph Levy* for respondent. The question of the defendant's

negligence was clearly and essentially one of fact and the trial court had no alternative than to submit the same to the jury. (*Sciolaro* v. *Asch*, 198 N. Y. 77; *Maroney* v. *City of New York*, 117 App. Div. 843; 190 N. Y. 560; *Glynne* v. *National Exhibition Co.*, 204 App. Div. 757; *McGuire* v. *N. Y. Rys. Co.*, 230 N. Y. 23; *Curtiss* v. *Lehigh Valley R. R. Co.*, 233 N. Y. 554; *Tryon* v. *Chalmers*, 205 App. Div. 816; *Abbott* v. *Richmond Co. Country Club*, 211 App. Div. 233; *Mona* v. *Erion*, 223 App. Div. 526; *Dewyer* v. *Hills Bros. Co.*, 79 App. Div. 45; *Kipp* v. *Woolworth & Co.*, 150 App. Div. 283; *Green* v. *Green*, 212 App. Div. 381; *Venable* v. *Consolidated Dry Goods Co.*, 225 App. Div. 202; 251 N. Y. 585.)

*Per Curiam.* A small pool of water in a slight depression, caused by wear, on the surface of an outdoor step creates no dangerous condition, and reasonable care did not require the defendant to prevent or remedy such condition.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.