RACHEL SCHLACTER, as Administratrix, etc., of DAVID SCHLACTER, Deceased, Respondent, v. VICTOR J. DOWLING and THOMAS E. MURRAY, JR., as Receivers of INTERBOROUGH RAPID TRANSIT COMPANY, Appellants.— Defendants, as receivers of the Interborough Rapid Transit Company, appeal from a judgment for plaintiff, entered on a jury verdict, in an action for damages for death by wrongful act, neglect or default. Judgment reversed on the law, with costs, and the complaint dismissed, with costs. Plaintiff's intestate met his death under the wheels of a subway train operated by defendants November 11, 1933, at seven-ten P. M. The action was not tried until more than four and a half years after it was commenced and five years after the accident happened, although it appears from the evidence that plaintiff's sole witness to the accident was readily available during all that time and had communicated with plaintiff, her brother and her then attorney within a few days after the accident happened. This witness testified that rain had been falling throughout the day of the accident; that water was thereby caused to drip through the roof of the subway station and to form a puddle in a worn place near the edge of the platform; that decedent slipped in this puddle, fell to the track and was run over by an incoming train before he could be rescued. Defendants' evidence was to the effect that decedent fainted and fell or jumped to the track and that there was no water on the platform and no leak in the roof. Plaintiff's case depended upon the testimony of her witness concerning rainfall. This testimony was uncorroborated and was contradicted by the witness himself and by defendants' witnesses, some of whom were disinterested. The official record of the United States Weather Bureau showed that on the day of the accident no rain had fallen in the city until within a few minutes of the time of the accident and at that time and for an hour thereafter there was only a trace of precipitation. As against this record the testimony of plaintiff's witness did not raise an issue of fact, and the case should not have been submitted to the jury. (Cf. Lalor v. City of New York, 208 N. Y. 431, 434.) The verdict of the jury rests only upon the testimony of that witness, which, in the face of its inherent weakness, " is so highly improbable that it fails to rise to the standard of substantial evidence." (Bank of United States v. Manheim, 264 N. Y. 45, 51.) If, however, the testimony of plaintiff's witness were to be accepted it would be impossible to escape the conclusion that the decedent was guilty of

contributory negligence as a matter of law. Hagarty, Carswell, Taylor and Close, JJ., concur; Lazansky, P. J., concurs as to reversal of the judgment, but dissents as to dismissal of the complaint and votes for a new trial on the ground that the determination is against the weight of the evidence.