M. L. PORTER v. VERNON D. NIVEN.

(Filed 29 April, 1942.)

**Negligence § 4d—**

    Plaintiff was carrying two five-gallon cans of milk which he had sold defendant along a passageway in defendant's milk plant when one of the cans hit a churn, causing plaintiff to fall to his injury. Plaintiff's evidence was to the effect that the churn was about 2½ feet high and 2 feet in diameter, and that it was sitting about 14 inches in the passageway. Plaintiff testified there was plenty of light in the passageway. *Held:* Even conceding negligence, plaintiff's evidence discloses contributory negligence barring recovery as a matter of law.

APPEAL by plaintiff from *Pless, J.,* at March Term, 1942, of MECK-LENBURG.

Civil action to recover damages for personal injuries.

The plaintiff alleges that while delivering milk sold by him to the defendant, he was injured by reason of the negligence of defendant in not keeping the passageway of defendant's milk plant free of obstructions likely to injure plaintiff.

The plaintiff testified that he had been delivering milk to the defendant's milk plant for about 18 months. That the milk plant was housed in a building 20 by 30 feet, and that it had two entrances. That he used the front entrance, although he knew the rear entrance was the one where deliveries of milk were supposed to be made. That he had been told to deliver his milk at the back door but he had not done so more than a dozen times, because there was mud at the rear entrance and broken glass was allowed to lie around there. That the front passageway was about 6 feet wide and ran through the building a distance of 20 feet. That the passageway was not enclosed but certain machinery was located beside it. That there were two swinging screen doors at the entrance and the screen doors had slats across the bottom to a height of about 30 inches to protect the wire. That about 6:30 on the morning of the alleged injury, in March, 1940, the plaintiff went through the swinging doors, carrying a 5-gallon can of milk in each hand, each can with its contents weighing approximately 57 pounds. That he "bounced" the door open and stepped inside and as "I picked up speed and started to taking my regular stride, why, I fell to the pavement, to the cement. I went to the floor because the can hit the leg of the churn. . . . When the door was open, I'd say the churn was within a foot of the door. . . . The churn was on the right-hand side of the passageway as you go in, . . . the churn projected out into the passageway about a foot and a half. I'd say about that much in the passageway (indicating about 14 inches)." Plaintiff further testified that the room was painted white, the churn was painted white, and that light came in through the screen doors; that there were windows and doors through which the light came, and that "There was plenty of light in that room that morning. . . . When both those doors opened, they opened wide. When both those doors opened, I was looking in front of me. I did not see the churn."

At the close of plaintiff's evidence, the defendant moved to dismiss as of nonsuit. The motion was allowed and judgment so entered. Plaintiff appeals and assigns error.

*Carswell & Ervin for plaintiff.*
*Robinson & Jones for defendant.*

DENNY, J.   We do not think the evidence, when considered in the light most favorable to plaintiff, is sufficient to justify the submission of the question of defendant's negligence to the jury.   However, if the defend-

ant was negligent in the location of its churn, so as to cause it to occupy a portion of the passageway, the plaintiff offers no explanation for his not having seen the churn. His own evidence discloses that it was about 30 inches high and a foot and a half or two feet in diameter, and that he didn't dodge the churn because he didn't see it, and yet he testified "There was plenty of light for me to see."

In the case of *Hunt v. Meyers Co.*, 201 N. C., 636, 161 S. E., 74, cited by plaintiff, the evidence disclosed that the plaintiff went to the defendant's store to buy merchandise and was directed to the basement department, which was poorly lighted and dark, and that plaintiff caught her foot in and stumbled over a stool that had been left in the aisle.

The facts in the other cases relied on by plaintiff, *Monroe v. R. R.*, 151 N. C., 376, 66 S. E., 315; *Nicholson v. Express Co.*, 170 N. C., 68, 86 S. E., 786; and *Leavister v. Piano Co.*, 185 N. C., 152, 116 S. E., 405, are distinguishable.

In the instant case, apparently, the plaintiff pushed the screen door open with one of the milk cans which he was carrying, and simply took it for granted that there was no obstruction in the passageway, and failed to make any observation as to whether or not there was an obstruction in the passageway, when by his own testimony he could have seen the churn if he had looked.

It appears from the evidence offered by the plaintiff that he failed to take proper care and precaution for his own safety. *Harrison v. R. R.*, 194 N. C., 656, 140 S. E., 598.

The judgment below is
Affirmed.