(May 14, 1945.)

HAROLD ABAIR, Appellant-Respondent, v. CITY OF NEW YORK, Respondent-Appellant.— Action by plaintiff to recover damages for personal injuries claimed to have been suffered as a consequence of defendant's negligence in maintaining a dangerous condition on its subway platform. The plaintiff had a verdict. The trial court set aside the verdict as against the weight of evidence and denied the motion of defendant to dismiss the complaint at the close of the entire case, on which decision had been reserved. Plaintiff appeals and seeks to have the verdict reinstated. Defendant appeals and seeks to have the complaint dismissed. Order modified on the law and the facts by striking from the ordering paragraph the word "denied" and inserting in place thereof the words "granted, and the complaint is dismissed, with costs." As thus modi-

fied, the order insofar as appealed from is affirmed, with costs to the defendant. The action of the trial court in setting aside the verdict as against the weight of evidence may not properly be disturbed on this record. The motion to dismiss the complaint should have been granted. The proof did not establish the existence of a negligent or dangerous condition. In any event the proof discloses that the plaintiff was guilty of contributory negligence as a matter of law. (*Schlacter* v. *Dowling*, 257 App. Div. 1011, affd. 283 N. Y. 721; *Brand* v. *Interborough R. T. Co.*, 249 App. Div. 630, affd. 273 N. Y. 658; *Boettcher* v. *Dowling*, 270 N. Y. 557; *Kraus* v. *Wolf*, 253 N. Y. 300.) Hagarty, Carswell and Adel, JJ., concur; Close, P. J., and Lewis, J., dissent and vote to affirm, without modification, on the ground that the proof presented a question of fact as to defendant's negligence and plaintiff's freedom from contributory negligence, but the verdict is against the weight of the evidence.