VIOLA C. INGRAM AND HELEN INGRAM, ADMINISTRATRICES OF THE ESTATE OF S. O. INGRAM, v. SMOKY MOUNTAIN STAGES, INC., AND H. J. SWINK.

(Filed 10 October, 1945.)

**1. Negligence § 10—**

The contributory negligence of the plaintiff does not preclude a recovery where it is made to appear that the defendant, by exercising reasonable care and prudence, might have avoided the injurious consequences to the plaintiff, notwithstanding plaintiff's negligence; that is, that by the exercise of reasonable care defendant might have discovered the perilous position of the party injured or killed and have avoided the injury, but failed to do so.

**2. Same—**

Under the doctrine of last clear chance, plaintiff may not recover on the original negligence of defendant for such recovery is barred by his own contributory negligence.

**3. Same—**

The application of the last clear chance doctrine is invoked only where there was an appreciable interval of time between plaintiff's negligence and his injury during which the defendant, by the exercise of ordinary care, could or should have avoided the effect of plaintiff's prior negligence.

**4. Same—**

To sustain the plea of last clear chance it must be made to appear that (1) plaintiff by his own negligence placed himself in a dangerous situation; (2) the defendant saw, or by the exercise of reasonable care, should have discovered, the perilous position of plaintiff, (3) in time to avoid injuring him; and (4) notwithstanding such notice of imminent peril negligently failed or refused to use every reasonable means at his command to avoid the impending injury, (5) as a result of which plaintiff was in fact injured.

**5. Same—**

The doctrine of last clear chance does not apply when the plaintiff is guilty of contributory negligence as a matter of law.

**6. Same: Trial § 38: Judgment § 17b—**

Where plaintiffs' intestate, driving an automobile on a private road used as an outlet to the public road, on approaching the highway, stopped or hesitated as if intending to stop, or began to stop within a few feet of the highway, the driver of an oncoming bus had a right to assume that deceased would obey the law and not proceed suddenly onto and across the highway, when the bus was only ten or fifteen feet from the intersection; and there was error in submitting an issue on last clear chance.

**7. Negligence § 21: Judgment § 17b—**

When there is no evidence to support an issue of last clear chance and the jury answers the issue on contributory negligence against plaintiff, the defendant is entitled to judgment on the verdict.

SCHENCK, J., dissents.

APPEAL by defendants from *Rousseau, J.,* at January Term, 1945, of BUNCOMBE. Error and remanded.

Civil action to recover damages for wrongful death.

At about 7:00 p.m. on 27 March, 1944, an automobile operated by plaintiff's intestate and a bus of the corporate defendant operated by defendant Swink collided at the intersection of the Brevard-Asheville highway and an abandoned section of road now used as a private way leading from the home of one Brooks to the public highway and known as

the Brooks road. The bus was traveling toward Asheville and the automobile approached and entered the highway to the right of the bus. The collision occurred to the left of the center of the highway—the evidence varies as to just how far to the left. The bus stopped within the intersection over the point of collision. The car proceeded across the highway, down an 8 or 10 foot embankment and stopped about 24 feet from the point of collision with its motor "wide open."

There were skid marks 3 or 4 feet long, made by the bus, located 14 or 15 feet from the point of collision.

Plaintiff's intestate, before his death, made a statement which was offered and admitted as a dying declaration. He said: "he came to the edge of the road there coming from Brooks', that he stopped and looked up and down the road, and did not see or hear a thing. That he started and got well on the road and he heard something. That he looked up the road and here was this great big bus coming as hard as it could. That he knew that the only thing in the world he could do was to get on the side of the road where he belonged, and he got just as far as he could, and the last thing he knew it was coming on him, right at him. . . . He said it was right on him coming right at him, and that he knew he was a 'goner.' . . . and he got as far on his side of the road as he could, going toward Brevard."

This is the only evidence in the nature of an eyewitness account offered by the plaintiff.

Witnesses for defendants, the bus driver and passengers on the bus, said that the bus rounded the curve 300 or 400 feet from the intersection at about 30 or 35 m.p.h.; that they saw the car approach the road when the bus was about 90 feet from the intersection and the bus driver blew his horn several times, applied his brakes, and slowed to 10 or 15 m.p.h. The car "hesitated a moment like it was going to stop," "was fixing to stop," "almost stopped," "stopped," and when the bus got within 10 or 15 feet of the intersection the car "shot right out in front of the bus," "came out on the road suddenly," "all at once dashed out in front of the bus." When the car shot out in the road the bus driver again applied his brakes and cut to the left, and the collision occurred to the left of the center of the highway. The bus did not travel over 2 or 3 feet after the collision. The bus was about three lengths away when the car entered the road.

The plaintiff in his reply alleges that notwithstanding the negligence of the deceased, if any, the defendant "by refraining from the negligent acts and omissions alleged in the complaint" could have avoided the injury and thus had the last clear chance to do so.

Issues of (1) negligence, (2) contributory negligence, (3) last clear chance, and (4) damages were submitted to the jury which answered

the first three issues "yes" and assessed damages. The court entered judgment on the verdict and defendants excepted and appealed.

*Don C. Young and Chas. G. Lee, Jr., for plaintiffs, appellees.*
*Smathers & Meekins for defendants, appellants.*

BARNHILL, J. The plaintiff's cause of action as alleged in the complaint is bottomed upon the allegation that the deceased had crossed the highway, reached his side, turned to the left, and was proceeding in a northwesterly direction, meeting the bus when the bus suddenly cut to the left across the center line and collided with his car. There is no evidence in the record to sustain the allegations thus made. They are directly contradicted by the statement of the deceased himself.

The cause was tried on the theory plaintiff had alleged that the bus driver was guilty of negligence in that (1) he was traveling at an excessive rate of speed and (2) he cut his bus to the left of the center of the road in violation of G. S., 20-146 and 20-148.

The defendants objected and excepted to the submission of the last clear chance issue. They here stress the assignment of error based on this exception for that there is no evidence in the record to support an affirmative answer thereto. This exception must be sustained.

The doctrine of last clear chance, otherwise known as the doctrine of discovered peril, is accepted law in this State. It is this: The contributory negligence of the plaintiff does not preclude a recovery where it is made to appear that the defendant, by exercising reasonable care and prudence, might have avoided the injurious consequences to the plaintiff, notwithstanding plaintiff's negligence; that is, that by the exercise of reasonable care defendant might have discovered the perilous position of the party injured or killed and have avoided the injury, but failed to do so. *Haynes v. R. R.,* 182 N. C., 679, 110 S. E., 56, and cases cited; *Redmon v. R. R.,* 195 N. C., 764, 143 S. E., 829; *Caudle v. R. R.,* 202 N. C., 404, 163 S. E., 122; *Jenkins v. R. R.,* 196 N. C., 466, 146 S. E., 83; *Taylor v. Rierson,* 210 N. C., 185, 185 S. E., 627.

The practical import of the doctrine is that a negligent defendant is held liable to a negligent plaintiff if the defendant, being aware of plaintiff's peril, or in the exercise of due care should have been aware of it in time to avoid injury, had in fact a later opportunity than the plaintiff to avoid the accident. 38 Am. Jur., 901.

Peril and the discovery of such peril in time to avoid injury constitutes the backlog of the doctrine. *Miller v. R. R.,* 205 N. C., 17, 169 S. E., 811; *Hunter v. Bruton,* 216 N. C., 540, 5 S. E. (2d), 719. It presupposes negligence on the part of defendant and contributory negli-

gence on the part of the party injured or killed which, in the absence of the doctrine, would preclude recovery in spite of defendant's negligence. *Redmon v. R. R., supra; Cummings v. R. R.,* 217 N. C., 127, 6 S. E. (2d), 837; *Mercer v. Powell,* 218 N. C., 642, 12 S. E. (2d), 227. Its application is invoked only in the event it is made to appear that there was an appreciable interval of time between plaintiff's negligence and his injury during which the defendant, by the exercise of ordinary care, could or should have avoided the effect of plaintiff's prior negligence. *Bailey v. R. R.,* 223 N. C., 244, 25 S. E. (2d), 833; *Hudson v. R. R.,* 190 N. C., 116, 129 S. E., 146.

Plaintiff may not recover on the original negligence of defendant for such recovery is barred by his own negligence. The duty resting on the defendant, the breach of which imposes liability under the doctrine, arises after the plaintiff has placed himself in a perilous position and is the duty, after notice express or implied, of plaintiff's situation, to exercise reasonable care to avoid the impending injury. It is what defendant negligently did or failed to do after plaintiff put himself in peril that constitutes the breach of duty for which defendant is held liable.

To sustain the plea it must be made to appear that (1) plaintiff by his own negligence placed himself in a dangerous situation; (2) the defendant saw, or by the exercise of reasonable care should have discovered, the perilous position of plaintiff, (3) in time to avoid injuring him; and (4) notwithstanding such notice of imminent peril negligently failed or refused to use every reasonable means at his command to avoid the impending injury, (5) as a result of which plaintiff was in fact injured. *Cullifer v. R. R.,* 168 N. C., 309, 84 S. E., 400; *Fry v. Utilities Co.,* 183 N. C., 281, 111 S. E., 354; *Haynes v. R. R., supra; Redmon v. R. R., supra; Miller v. R. R., supra; McManus v. R. R.,* 174 N. C., 735, 94 S. E., 455.

The doctrine does not apply when the plaintiff is guilty of contributory negligence as a matter of law. *Redmon v. R. R., supra; Sherlin v. R. R.,* 214 N. C., 222, 198 S. E., 640, and cases cited.

Applying these principles of law to the evidence appearing on this record we are constrained to hold that the court below, in submitting the third issue, committed error prejudicial to defendants. *Mercer v. Powell, supra.*

There is no question of right of way presented by the testimony. In fact none is alleged. The deceased, traveling on a private road used as an outlet to the public road, approached the highway. He stopped (as he stated) or hesitated as if intending to stop, or "began to stop" within a few feet of the highway (as witnesses for the defendants testified). The bus driver had the right to assume that he would obey the law and not proceed in the face of an oncoming bus. *Shirley v. Ayres,* 201 N. C.,

51, 158 S. E., 840; *Cory v. Cory,* 205 N. C., 205, 170 S. E., 629; *Hobbs v. Coach Co., ante,* 323. There was nothing in the conduct of the deceased to indicate to the bus driver that he was in a position of peril or that he intended to proceed onto and across the highway until his car "jumped out" or "all at once dashed out," or "shot right out" in front of the bus into the zone of danger. *Van Dyke v. Atlantic Greyhound Corp.,* 218 N. C., 283, 10 S. E. (2d), 727.

Manifestly he thus placed himself in a position of peril. How far was the bus at that time from the automobile? Was it a sufficient distance away so that by the exercise of ordinary care the bus driver could have stopped in time to avoid the collision? Did he, after notice that deceased was attempting to cross ahead of him, fail to exercise every reasonable care to avoid the collision? Plaintiff's evidence does not speak on any of these questions. True the deceased did not see the bus before he entered the intersection, but, having entered, it was "right on him" and "he knew he was a 'goner.' "

On the other hand, defendant's evidence in positive terms gives a negative answer to each question. When the deceased stopped or hesitated as if preparing to stop, the bus was only 90 feet away. When he suddenly drove his car into the intersection it was only 10 or 15 feet away. The bus driver immediately applied his brakes, cut to the left in an effort to avoid the collision and stopped almost immediately. So then there was no evidence offered by the defendant upon which plaintiff can rely in making out his case on the third issue.

Counsel here cited and relied on the testimony of the witness Pace offered by defendants. A careful examination of that testimony discloses nothing that will avail plaintiff. It was this witness who said the automobile approached the road and was "fixing to stop" when the bus was only about 90 feet away and that the automobile "all at once dashed out in front of the bus" when the bus was "almost at the entrance into the intersection."

We do not overlook the statement of deceased that he looked and did not see the bus, and that when he got on the highway "here was this great big bus coming as hard as it could." He added, it may be noted, that it was "right on him" and "he knew he was a 'goner.' " In this connection we need not discuss his capacity or opportunity under the circumstances to judge or estimate speed for there is a physical fact upon which all witnesses agree that "speaks louder than words." *Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88. The bus stopped within the intersection. It traveled just a few feet beyond and was standing over the point of collision. The suggestion that it was traveling at a high rate of speed, in the light of this admitted circumstance, is contrary to human experience. *S. v. Vick,* 213 N. C., 235, 195 S. E., 779.

That the bus driver, when he saw the automobile enter the highway just ahead of him, cut his bus to the left and crossed the center line cannot, under the circumstances of this case, be held an act of negligence. It is a human instinct when a collision is impending between two vehicles to turn or cut away from the other vehicle. The evidence here discloses that it was done in an effort to avoid the collision. There is no circumstance tending to show that it was other than what a man of reasonable prudence would have done.

Upon the coming in of the verdict defendants tendered judgment setting aside the verdict on the issues of last clear chance and damages and decreeing, on the first and second issues, that plaintiff take nothing and be taxed with costs. They excepted to the refusal of the court to sign the same. This exception is duly preserved and must be sustained.

As we have pointed out there was no evidence offered sufficient to warrant the third or last clear chance issue. The answers to the first two issues are determinative of the controversy. The contributory negligence of deceased as found by the jury and supported by ample evidence bars recovery. No error is alleged or shown in the trial. In respect to these issues it does not appear that the submission of the third issue misled the jury or prejudiced plaintiff. Hence defendants are entitled to judgment.

In view of the disposition we have made of this appeal we refrain from discussing or deciding the merits of the motion to dismiss as in case of nonsuit.

The cause is remanded to the end that judgment dismissing the action at the cost of the plaintiff may be entered in accord with this opinion.

Error and remanded.

SCHENCK, J., dissents.