JOHN EARL LEE, JR., v. CAROLINA UPHOLSTERY COMPANY.

(Filed 18 December, 1946.)

**Negligence §§ 19b (1), 19c—Plaintiff's evidence held to disclose contributory negligence as a matter of law and that injury from defendant's negligence could not have been foreseen.**

Plaintiff's evidence tended to show that after loading his truck from an elevator on defendant's premises he moved the truck some 8 feet from the building to tie the load down, that while so doing the rope slipped in his hand causing him to lose balance, and that in taking some 3 to 5 steps backward in attempting to regain his balance, he fell into the open elevator pit to his injury. *Held:* Plaintiff's own evidence discloses that his own negligence in handling simple instrumentalities under his own control was the proximate cause or one of the proximate causes of his injury; and further, if defendant were negligent in moving its elevator without notice to plaintiff, defendant could not have anticipated or foreseen the independent act of negligence on the part of plaintiff which was a proximate cause of the injury, and defendant's motion to nonsuit should have been allowed. This result obtains even though plaintiff be regarded as an invitee, and therefore whether plaintiff was an invitee or a licensee need not be determined.

APPEAL by defendant from *Burgwyn, Special Judge,* at April Term, 1946, of GUILFORD. Reversed.

This was an action to recover damages for personal injury alleged ·to have been caused the plaintiff by the negligence of the defendant.

Issues of negligence, contributory negligence and damage were submitted to the jury and answered in favor of the plaintiff.

From judgment on the verdict defendant appealed.

*Gold, McAnally & Gold and Schoch & Schoch for plaintiff, appellee.*
*York & Dickson for defendant, appellant.*

DEVIN, J. The appeal presents the question of the sufficiency of the evidence to warrant submission of the case to the jury. The defendant assigns error in the denial by the trial court of its motion for judgment of nonsuit. Exception on this ground was noted in apt time.

At the outset it may be observed that plaintiff was a truck driver in the employ of R. D. Fowler Motor Lines, Inc., and that an award of compensation for the injury here complained of was made him under the Workmen's Compensation Act, and that this action was instituted pursuant to the subrogation provisions of the Act. G. S., 97-10.

The plaintiff's evidence tended to show that on the occasion alleged he was engaged with another in loading on the truck of which he was the driver certain articles of furniture, to wit, sofa beds, at the place of business of the defendant. These sofa beds were brought down in an

elevator in defendant's plant and loaded on the truck which was backed up near the elevator. The elevator was lowered to a position where it was level with the floor of the truck, about 3 feet from the ground, to facilitate loading. When the truck was fully loaded, the plaintiff drove the truck six or eight feet away from the building, so that he could tie the load down on the back of the truck. For this purpose plaintiff was using a rope running through rings on the rear of the truck. While the plaintiff was engaged in this operation, and in endeavoring to tighten the rope around the merchandise in the back part of the truck, the rope slipped out of his hand, and he was thrown off balance, and caused to take three or four or five steps backward trying to regain his balance, and fell backward into the open elevator pit and was injured. Plaintiff's fellow employee was on top of the load at the time.

It was alleged that the defendant was negligent in that it moved the elevator without notice to the plaintiff and without putting in place gate or guard, and further that the elevator was not properly equipped. The defendant denied negligence on its part, and pleaded the contributory negligence of the plaintiff in bar of his recovery.

Examining plaintiff's testimony in the light of defendant's plea, it becomes apparent that his fall was primarily due to his permitting the rope to slip out of his hand. As the rope and the method used were of plaintiff's own choosing, the conclusion is inescapable that his careless handling of appliances with which he was familiar caused him to lose his balance and step backward, resulting in his fall. The truck had been fully loaded. The defendant's part of the operation in bringing the articles down where they could be conveniently loaded on the truck by the Truck Lines' employees had been completed. The plaintiff himself moved the truck away from defendant's plant six or eight feet, and stopped at a place selected by him so that he at his own convenience could secure the rear end of the load. Plaintiff was an experienced truckman and was doing the work in his own way.

We think it sufficiently appears from plaintiff's own evidence that his injury was proximately caused by his own negligence or that his own negligence concurring with any negligence on the part of the defendant contributed to his injury as a proximate cause thereof and without which it would not have occurred. *Atkins v. Transportation Co.,* 224 N. C., 688, 32 S. E. (2d), 209; *Bailey v. R. R.,* 223 N. C., 244, 25 S. E. (2d), 833; *Godwin v. R. R.,* 220 N. C., 281, 17 S. E. (2d), 137; *Hampton v. Hawkins,* 219 N. C., 205, 13 S. E. (2d), 227; *Smith v. Sink,* 211 N. C., 725, 192 S. E., 108; *Wright v. Grocery Co.,* 210 N. C., 462, 187 S. E., 564; *Davis v. Jeffreys,* 197 N. C., 712, 150 S. E., 488; *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598.

It is unnecessary to decide the question debated here, whether under the circumstances disclosed the plaintiff should be regarded as an invitee

or a licensee, for if it be conceded that plaintiff was an invitee and that a duty was imposed upon the defendant consequent upon and commensurate with that relationship, it is difficult to perceive how the defendant could reasonably have foreseen that the plaintiff, after moving the truck a convenient distance away from the building, and while attempting to tie on the load with a rope, would permit the rope to slip out of his hand and step backward four or five steps into the elevator shaft. One of the elements of proximate cause essential in the establishment of actionable negligence is foreseeability. *Gant v. Gant,* 197 N. C., 164, 148 S. E., 34; *Bohannon v. Stores Co.,* 197 N. C., 755 (759), 150 S. E., 356; *Beach v. Patton,* 208 N. C., 134, 179 S. E., 446; *Peoples v. Fulk,* 220 N. C., 635 (639), 18 S. E. (2d), 147. "Persons are held liable by the law for the consequence of their acts which they can and should foresee, and by reasonable care and prudence guard against." *Osborne v. Coal Co.,* 207 N. C., 545, 177 S. E., 796. "The law does not require omniscience." *Gant v. Gant, supra.* It must be made to appear that the injury was the material and probable consequence of the negligent act and ought to have been foreseen in the light of the attending circumstances. *R. R. v. Kellogg,* 94 U. S., 469; *Bowers v. R. R.,* 144 N. C., 684, 57 S. E., 453. If it be conceded that defendant was negligent in moving the elevator without notice to plaintiff, leaving an unguarded opening, yet when the plaintiff by an independent act of negligence on his own part, which defendant could not have foreseen, brought about the injury, the condition created by the defendant would be regarded as "merely a circumstance to the accident and not its proximate cause." *Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88; *Kline v. Moyer,* 325 Pa., 357; 111 A. L. R., 406. It was an occurrence for which the defendant may not be held responsible on the evidence offered in this case. *Bohannon v. Stores Co., supra.*

For the reasons stated we conclude that the defendant was entitled to the allowance of its motion for judgment of nonsuit, and that the judgment below must be

Reversed.