C. FRANK JAMES v. ATLANTIC & EAST CAROLINA RAILROAD COM-
PANY, A CORPORATION, AND ATLANTIC & NORTH CAROLINA RAIL-
ROAD COMPANY, A CORPORATION.

(Filed 8 October, 1952.)

**1. Trial § 22a—**

On motion to nonsuit, plaintiff's evidence and so much of defendant's
evidence as tends to support plaintiff's case must be accepted as true and
liberally construed in plaintiff's favor, giving him every reasonable infer-
ence and intendment which may be logically drawn therefrom.

**2. Trial § 23a—**

More than a scintilla of evidence in support of plaintiff's claim takes the
issue to the jury.

**3. Trial § 19—**

The truth or falsity of the evidence and what it proves are the exclusive
province of the jury.

**4. Railroad § 4—**

Evidence tending to show that defendant's shifting engine approached
the grade crossing during the dark hours of early morning, down grade
with a minimum of noise, without lights and without any warning signal,
and struck the car in which plaintiff was riding as a passenger, *held* to
take the case to the jury on the issue of defendant's negligence and plain-
tiff's contributory negligence in failing to see the train and give warning
thereof to the driver in time for the driver to have avoided the accident,
and nonsuit was improperly granted.

**5. Same—**

Both the engineer and passengers in motor vehicles are held to the rule
of a reasonably prudent man to avoid accidents at grade crossings.

APPEAL by plaintiff from *Grady, Emergency Judge,* June 1952 Civil
Term, WAYNE.

This is a civil action to recover damages for personal injury sustained
by plaintiff, allegedly resulting from the actionable negligence of the
defendant, Atlantic & East Carolina Railroad Company, in a collision
between the automobile in which plaintiff was riding and a shifting
engine of said defendant at a grade crossing in the town of Goldsboro,
said locomotive, as well as all other parts of the railroad system involved
in this litigation, being operated under a lease from the defendant, Atlan-
tic & North Carolina Railroad Company.

Defendants' motion for judgment as of nonsuit made at the close of
plaintiff's evidence was renewed and sustained at the close of all the evi-
dence and from the judgment entered, plaintiff appealed, assigning as his
only error the action of the court in dismissing the action.

JAMES *v.* R. R.

*Scott B. Berkeley for plaintiff, appellant.*
*Matt H. Allen and Dees & Dees for Atlantic & East Carolina Railroad Company, defendant, appellee.*
*W. A. Johnson for Atlantic & North Carolina Railroad Company, defendant, appellee.*

VALENTINE, J.   This case was here on appeal at the Spring Term, 1951, and is reported in 233 N.C. 591, 65 S.E. 2d 214.   In that opinion, the facts are fully stated and for that reason will not be repeated here, except such as bear directly upon the point raised by this appeal.   The only question now for decision is the propriety of the judgment of nonsuit. That question was not raised upon the former appeal.

It is uniformly held by this Court that upon a motion for nonsuit the plaintiff's evidence and so much of that of the defendant as tends to support the plaintiff's case must be accepted as true and liberally construed in favor of the plaintiff's cause of action, and in this process the plaintiff is entitled to every reasonable inference and intendment which may be logically drawn from the evidence in support of his claim.   *Nash v. Royster,* 189 N.C. 408, 127 S.E. 356; *Jackson v. Browning,* 224 N.C. 75, 29 S.E. 2d 21; *Graham v. Gas Co.,* 231 N.C. 680, 58 S.E. 2d 757; *Maddox v. Brown,* 232 N.C. 244, 59 S.E. 2d 791; *Powell v. Lloyd,* 234 N.C. 481, 67 S.E. 2d 664.   If, upon such an analysis, there appears more than a scintilla of evidence in support of plaintiff's claim, the matter becomes a question for the jury.   *Cable v. R. R.,* 122 N.C. 892, 29 S.E. 377; *Cox v. R. R.,* 123 N.C. 604, 31 S.E. 848; *Gates v. Max,* 125 N.C. 139, 34 S.E. 266; *Deaton v. Deaton,* 234 N.C. 538, 67 S.E. 2d 626.

On this record, the evidence in support of plaintiff's position accepted as true and construed with that liberality required by the rule tends to show these facts: The collision occurred on 5 February, 1949, at about 4:40 or 4:50 a.m. in the town of Goldsboro at a point where John Street intersects with Atlantic Avenue.   John Street runs approximately north and south, while Atlantic Avenue runs approximately east and west. This intersection is just south of the railroad tracks in question.   These tracks run generally east and west and are three in number, the most southerly being the main line track, the next, a spur track, and the third, a pass track or siding.   It was very dark and the sky was cloudy.   The plaintiff at the time of the collision was riding in a police car belonging to the town of Goldsboro and was engaged in the discharge of his duties as a police officer, which duties included the checking of doors and buildings for burglars or prowlers and the patroling of the streets of Goldsboro. The car was equipped with a trigger spot-light for use of plaintiff in the discharge of his duties.   The car in which plaintiff was riding was being driven in a southerly direction along John Street by a fellow officer, who

was in charge of the car and was acting under the direction of the town authorities. The driver operated the automobile, while the plaintiff exercised vigilance in keeping the peace and protecting the citizenry. The defendant's small Diesel shifting engine, to which was attached several cars, was moving easterly down grade on the main track near and across John Street without headlights, without sounding a bell, whistle, horn or other warning, and making very little noise. There were no lights or gongs or other signaling devices maintained at this crossing by defendants for the safety of the public. The defendant's engine was constructed and equipped so that it could be operated either forward or backward with practically the same facility and ease. The cab was located in the center of the Diesel and the engineer when traveling easterly operated from a swivel chair on the right side. Two windows in the front and rear of the cab afforded the engineer the opportunity of a lookout. However, the engine was so constructed that the view of the engineer of objects approaching on his left was obstructed for some distance when the engine was traveling easterly. At the time of the collision, the engineer was alone in the cab and no one was riding on the front of the engine. The engine was silhouetted against a background of darkness and old structures as it came near and into the intersection. The car in which the plaintiff was riding was traveling at a speed of five or six miles an hour, and was struck by the left front part of the Diesel engine with sufficient force to badly damage the car and drag or carry it a distance of 25 feet. The engine after striking the automobile traveled a distance of 350 feet before it came to a full stop. The plaintiff did not see the locomotive until it was within approximately six feet of the car and just before it struck. Shortly before the collision, the plaintiff had looked to his right and neither saw nor heard anything indicating the approach of the engine.

Much of the defendants' evidence is in sharp conflict with plaintiff's interpretation of the surrounding facts and circumstances.

Drawing from the facts every reasonable inference and intendment favorable to the plaintiff, the jury could find as reasonable inferences the following: That the car in which plaintiff was riding approached the grade crossing in a cautious and prudent manner and at a slow rate of speed well within the legal requirements; and that the defendant's Diesel engine was then and there being operated without lights and without the use of any warning signal during the dark hours of early morning and while silhouetted against the background of a wall, buildings and trees, and was driven noiselessly upon its tracks into the crossing and against the automobile in which plaintiff was riding, thereby negligently and proximately injuring the plaintiff as alleged.

These inferences are permissible, but not impelling. We, of course, have no opinion as to the truth or falsity of the evidence. That is a

matter for the jury. The court must say what is evidence, and the jury must say what the evidence proves. *Lewis v. Steamship Co.,* 132 N.C. 904, 44 S.E. 666.

Both the plaintiff and the defendant under the circumstances disclosed by the evidence are held to the rule of the reasonably prudent man, *Meacham v. R. R.,* 213 N.C. 609, 197 S.E. 189; *Watkins v. Furnishing Co.,* 224 N.C. 674, 31 S.E. 2d 917; *Rea v. Simowitz,* 225 N.C. 575, 35 S.E. 2d 871; *Powell v. Lloyd, supra.* The plaintiff as he approached the intersection was charged with the duty of conducting himself with respect to his safety and that of others with that degree of caution required of a reasonably prudent man placed in the same or similar circumstances. The defendant, on the other hand, was charged with the same duty, *Sebastian v. Motor Lines,* 213 N.C. 770, 197 S.E. 539; *Templeton v. Kelley,* 215 N.C. 577, 2 S.E. 2d 696, and whether the plaintiff or the defendant was guilty of a breach of that duty is a question for the jury upon appropriate issues and proper instructions from the court.

On the whole evidence, we reach the conclusion that there was sufficient evidence to take the case to the jury. Therefore, the judgment of nonsuit is

Reversed.