### L. F. BLAKE v. THE GREAT ATLANTIC & PACIFIC TEA COMPANY, A CORPORATION.

(Filed 20 May, 1953.)

**1. Negligence § 4f—**

An employee of a wholesaler while delivering merchandise to a retailer's warehouse is an invitee of the retailer.

**2. Same—Contributory negligence of invitee held to bar recovery as matter of law.**

An employee of a wholesaler in delivering merchandise to the warehouse of a retailer, backed his truck to the warehouse platform, loaded the bags of merchandise on a hand truck, and then pulled the heavily loaded hand truck over the doorsill, and while backing into the warehouse, slipped and fell to his injury on a watery or wet place on the warehouse floor. *Held:* In backing into the warehouse without looking where he was going or giving any attention whatsoever to the condition of the floor, the employee failed to exercise ordinary care for his own safety and his contributory negligence in so doing bars his recovery against the retailer as a matter of law.

JOHNSON, J., dissenting.

ERVIN and PARKER, JJ., concur in dissent.

APPEAL by plaintiff from *Morris, J.,* December Term 1952, ROBESON. Affirmed.

Civil action to recover compensation for personal injuries.

BLAKE *v.* TEA CO.

Plaintiff was an employee of Statesville Flour Mills and hauled feed and flour to retail merchants. On the afternoon of 9 May 1950, he carried a truck of feed in bags to the defendant's warehouse at Southern Pines. He backed his truck up to a narrow platform at the warehouse and loaded the bags of feed on a hand truck. He then undertook to pull this truck into the warehouse, backing through the warehouse door. As he pulled the heavily loaded (over 400 pounds) truck over the doorsill, he slipped and fell. There was a wet place just inside the door. He testified this watery or wet place caused him to slip and fall. When he fell, the handle of the truck struck him in the groin, inflicting certain personal injuries.

He testified: "I did not have the door open before I attempted to go in. The door was partly open. I had to push it open to get in . . . I opened the door with my back. I could have pushed it open with my hand . . . My helper could have opened the door . . . I couldn't look before I fell . . . I couldn't see the floor . . . I did not look at the floor before I slipped. I failed to look down . . . I carried stuff to that store for over ten years . . . I was familiar with the platform, door and floor of the warehouse . . . I had complete control of how to load that truck . . . I didn't see the water or wet floor . . . I saw a toilet near the place where the water was. I had gone where the water was before. The difference was they had either sawdust or sand on the floor. There was no sand or sawdust on the floor on the 9th of May 1950 . . . I did not see the wet place until I slid. I did not pay any attention to it."

There was evidence tending to show that the assistant manager of the defendant knew that the watery or wet place was on the floor prior to the time plaintiff entered and had instructed employees of the defendant to "clean that water up."

At the conclusion of the evidence for the plaintiff, the court, on motion of defendant, entered judgment of involuntary nonsuit. Plaintiff excepted and appealed.

*Frank McNeill and McLean & Stacy for plaintiff appellant.*
*Varser, McIntyre & Henry for defendant appellee.*

BARNHILL, J. That the plaintiff was an invitee of the defendant at the time he suffered his injuries is not debatable. *Pafford v. Construction Co.,* 217 N.C. 730, 9 S.E. 2d 408.

So far, however, this Court has not held that water alone, unmixed with oil or grease or other slippery substance, on a floor over which an invitee may be expected to pass, creates a hazard against which the proprietor must guard. Counsel do not call our attention to any decision from any other jurisdiction to that effect. See, however, *Kresge Co. v.*

*Fader,* 158 N.E. 174, 58 A.L.R. 132; *Jutras v. Amoskeag Mfg. Co.,* 147 A. 753; *Shumaker v. Charada Inv. Co.,* 49 P. 2d 44; *Kraus v. Wolf,* 171 N.E. 63; and *Bridgford v. Stewart Dry Goods Co.,* 231 S.W. 22.

Be that as it may, we are of the opinion plaintiff's own account of the mishap which caused the injuries for which he seeks recovery clearly discloses a failure on his part to exercise ordinary care for his own safety which, in any event, bars his right of recovery.

He testified that the loaded truck was too heavy to push. He had to pull it. Necessarily this placed considerable pressure on his feet. Yet he undertook to back into the warehouse and pull the truck over the doorsill without looking where he was going or giving any attention whatsoever to the condition of the floor where he would be compelled to place his feet in order to apply the additional pressure required to propel the truck across the obstruction created by the doorsill. On his own testimony he might as well have blindfolded himself before entering the building. In practical effect that is what he did. These facts, to which plaintiff himself testified, will not permit any reasonable inference other than that he failed to exercise ordinary care for his own safety. *Porter v. Niven,* 221 N.C. 220, 19 S.E. 2d 864; *Conley v. Pearce-Young-Angel Co.,* 224 N.C. 211, 29 S.E. 2d 740; *Lee v. Upholstery Co.,* 227 N.C. 88, 40 S.E. 2d 688; *Holderfield v. Trucking Co.,* 232 N.C. 623, 61 S.E. 2d 904. A plaintiff will not be permitted to recover for injuries resulting from a hazard he helped to create. *Atkins v. Transportation Co.,* 224 N.C. 688, 32 S.E. 2d 209; *Ingram v. Smoky Mountain Stages, Inc.,* 225 N.C. 444, 35 S.E. 2d 337.

In *Porter v. Niven, supra,* where judgment of nonsuit was affirmed, the facts are sufficiently similar to render the decision therein pertinent here. In that case, *Denny, J.,* speaking for the Court, says:

"In the instant case, apparently, the plaintiff pushed the screen door open with one of the milk cans which he was carrying, and simply took it for granted that there was no obstruction in the passageway, and failed to make any observation as to whether or not there was an obstruction in the passageway, when by his own testimony he could have seen the churn if he had looked."

The judgment entered in the court below is

Affirmed.

JOHNSON, J., dissenting: It seems to me the majority opinion weighs this plaintiff's conduct too heavily against him.

The plaintiff was experienced in the business of trucking and delivering freight. For some twelve years he had been hauling foodstuffs for the Statesville Flour Mills. The A & P store in Southern Pines was one of its customers of long standing. He was thoroughly familiar with the

platform and the back door of the store and with the floor inside the door where the injury occurred. He had been making deliveries at this store for some ten years. Always before the floor had been in a safe condition. Customarily there had been sawdust or sand on the floor. On the day of the injury, the plaintiff backed up to the loading platform behind the store and let down the "tail gate" about even with the platform and proceeded to unload in the usual manner by taking the two-wheel upright hand truck off the platform and pushing it onto the body of the motor truck and loading it. The natural movement then was to back the hand truck off the motor truck body onto and across the platform and through the door. The platform was only five feet wide. Thus, to have tried to turn around on such narrow space would have been an awkward movement. Besides, the loaded truck had to be taken over the door-stop. As to this, the plaintiff testified: "I had to back in the door, couldn't push the truck in; I backed in the door, pushed it open with my back and backed in. . . . The door was partly open. I had to push it open to go in."

This was but a shorthand explanation of the method usually followed by experienced truckers in getting a loaded hand truck over an obstruction like a door-stop. The procedure is to pull the truck, rather than push it, over the obstruction. It is a criss-cross movement—first one wheel is pulled up and over, and then the other.

It is readily inferable from the whole of the plaintiff's testimony that this was the usual method which he had followed through the years in unloading at the defendant's store.

The rule is firmly established with us that nonsuit on the ground of contributory negligence may be allowed only when plaintiff's own evidence establishes contributory negligence so clearly that no other reasonable inference is deducible therefrom. *Ervin v. Mills Co.,* 233 N.C. 415, 64 S.E. 2d 431; *Grimm v. Watson,* 233 N.C. 65, 62 S.E. 2d 538; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307; *Hobbs v. Drewer,* 226 N.C. 146, 37 S.E. 2d 121. If more than one inference may reasonably be drawn from the evidence, the question of contributory negligence must be submitted to the jury. *Bundy v. Powell, supra; Cole v. Koonce,* 214 N.C. 188, 198 S.E. 637. The plaintiff is entitled to the benefit of the rule that the evidence must be considered in the light most favorable to him. *Cox v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25. And he is entitled to every reasonable inference and intendment which may logically and reasonably be drawn from the evidence in support of his claim. *James v. Railroad,* 236 N.C. 290, 72 S.E. 2d 682; *Maddox v. Brown,* 232 N.C. 244, 59 S.E. 2d 791; *Graham v. Gas Co.,* 231 N.C. 680, 58 S.E. 2d 757.

Judging the plaintiff's conduct by the rule of the reasonably prudent man, I do not see how it can be said that the only reasonable inference

to be drawn therefrom is that he negligently contributed to his injury. It seems to me that the other inference is clearly deducible, and this makes it a case for the jury.

Clearly the testimony made out a *prima facie* case of actionable negligence against the defendant. As to this, the plaintiff testified: "The water on the floor caused me to slip down; it was slick. Two men helped me up. The (defendant's) Assistant Manager said . . . : 'Boys, I told you to clean that water up.'" See *Bowden v. Kress,* 198 N.C. 559, 152 S.E. 625; *Parker v. Tea Co.,* 201 N.C. 691, 161 S.E. 209; *Brown v. Montgomery Ward & Co.,* 217 N.C. 368, 8 S.E. 2d 199; *Harris v. Montgomery Ward & Co.,* 230 N.C. 485, 53 S.E. 2d 536; *Lee v. Green & Co.,* 236 N.C. 83, 72 S.E. 2d 33.

My vote is to reverse.

ERVIN and PARKER, JJ., concur in dissent.