■ EMANUEL COSTA, Appellant, v. KJELLGREN CONSTRUCTION Co., Respondent, and TRI STATE HEAT & VENTILATING CORP., Defendant and Third-Party Plaintiff. RITE FUEL CORP., Third-Party Defendant.— In an action to recover damages for personal injury, plaintiff, an employee of a subcontractor upon a building construction job, appeals from so much of a judgment of the Supreme Court, Nassau County, entered June 28, 1962, after a jury trial, as, at the end of plaintiff's case, dismissed the complaint against the defendant Kjellgren Construction Co., the general contractor. Judgment, insofar as appealed from, reversed on the law, new trial granted as between plaintiff and said defendant, with costs to abide the event, and action severed as against all other parties. In our opinion, viewing the evidence in the light of inferences most favorable to the plaintiff, a prima facie case of a violation of section 200 of the Labor Law was established by plaintiff. Under this section, although as a general rule liability does not ensue in the absence of notice, either actual or constructive, of the condition about which complaint is made (*Zaulich* v. *Thompkins Sq. Holding Co.*, 10 A D 2d 492), a different situation is presented where

the defendant creates the condition from which the injury results. Necessity for notice would not exist under such circumstances (*Dittiger* v. *Isal Realty Corp.*, 264 App. Div. 279, 282, revd. on other grounds 290 N. Y. 492). The defendant general contractor (Kjellgren Constr. Co.) owed a duty to the employees of the subcontractor to exercise reasonable care in the performance of the work, i.e., the excavations made at the direction of the defendant, to avoid a condition dangerous to such employees (cf. *Soderman* v. *Store Bar Associates*, 3 A D 2d 680). Whether the excavations dug on the premises in question constituted a violation of section 200 of the Labor Law presents a question of fact for determination by the jury. Similarly, under the circumstances here, we cannot find that plaintiff was guilty of contributory negligence as a matter of law (cf. *Nelson* v. *Nygren*, 259 N. Y. 71; *Kaplan* v. *48th Ave. Corp.*, 267 App. Div. 272). Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.