J. C. BILLINGS v. BILLINGS TRUCKING CORPORATION, INC.

No. 7923SC286

(Filed 4 December 1979)

1. **Automobiles § 89.2— instruction on last clear chance not required**

Plaintiff was not entitled to an instruction on last clear chance where defendant's employee was negligent in backing a truck into a highway and striking plaintiff, plaintiff was contributorily negligent in failing to heed a warning by defendant's flagman to stop, and defendant's employee did not have the means and the time to avoid harming plaintiff after plaintiff drove past the flagman.

2. **Automobiles § 90.14; Negligence § 37— instructions—defining negligence as "fault"—harmless error**

Plaintiff was not prejudiced by the trial judge's instruction that if he had to define "negligence" in one word he would probably use the word "fault" where the court then properly instructed that the correct definition of "negligence" is the omission or failure to do that which a reasonably prudent person would do or doing something which a reasonably prudent person would not do under the same or similar circumstances.

APPEAL by plaintiff from *Rousseau, Judge.* Judgment entered 12 January 1979 in Superior Court, WILKES County. Heard in the Court of Appeals 15 November 1979.

Plaintiff instituted this action to recover for personal injuries he sustained when an automobile operated by plaintiff collided with defendant's tractor trailer. The parties offered evidence tending to show that at about 3:00 p.m., on 15 February 1977, plaintiff was proceeding east on Cherry Street. An employee of defendant was posted as a flagman on Cherry Street while another of defendant's employees drove a tractor trailer from a parking area into Cherry Street. Plaintiff passed the flagman and drove behind the trailer. Defendant's vehicle then backed into plaintiff's vehicle. The jury answered issues of negligence and contributory negligence in the affirmative. Plaintiff appeals.

*Hayes, Hayes and Evans, by Samuel C. Evans, for plaintiff appellant.*

*Moore & Willardson, by Larry S. Moore and Robert P. Laney, for defendant appellee.*

VAUGHN, Judge.

[1] Plaintiff contends that the judge should have submitted an issue and instruction on the doctrine of last clear chance which "is regarded in this jurisdiction as but an application of the doctrine of proximate cause." *Exum v. Boyles*, 272 N.C. 567, 578, 158 S.E. 2d 845, 854 (1968). The issue is thus whether plaintiff's failing to heed the warning of defendant's flagman and his driving to a position where he was hit by the rear of defendant's truck as it entered the highway is the proximate cause of the injury or whether the backing of the truck onto the road and into defendant's car is the proximate cause of plaintiff's injury. For plaintiff to be entitled to the instruction, there must be evidence that plaintiff was in a position of inadvertent or helpless peril which defendant's employees thereafter discovered or should have discovered and that the defendant's employees had the means *and the time* to avoid the injury and failed to so do. *Vernon v. Crist*, 291 N.C. 646, 231 S.E. 2d 591 (1977). This is not such a case. All events occurred within a very few seconds. It was simply a case of negligence and contributory negligence. The defendant's employee was negligent in backing out and plaintiff was contributorily negligent in not heeding a warning to stop. The employee of defendant did not have an existing ability to avoid harming plaintiff after plaintiff drove past the flagman. The

negligence was not subsequent to that of plaintiff but was simultaneous in time. "Peril and the discovery of such peril in time to avoid injury constitutes the backlog of the doctrine." *Ingram v. Smoky Mountain Stages, Inc.*, 225 N.C. 444, 447, 35 S.E. 2d 337, 339 (1945). Plaintiff was not entitled to the instruction.

[2]   Plaintiff contends that the court erred in defining the word "negligence" as "fault." The alleged error occurred in the following instruction:

> "Now, actionable negligence consists of two elements, the first being negligence and the other, proximate cause. If I had to define the word 'negligence' in one word, I would probably use the word 'fault' but the accepted and correct definition of the word 'negligence' is the omission or failure to do that which a reasonable prudent person when guided by those considerations that ordinarily regulate the conduct of human affairs would do or doing something which a reasonable prudent person would not do under the same or similar circumstances. You will note the test is what a reasonable prudent person would or would not do under the same or similar circumstances. The test is not what the most careful or the most conscientious person would or would not do; but, again, the test is what a reasonable prudent and careful person would or would not do under the same or similar circumstances."

It is obvious from the foregoing that the judge gave the proper definition of negligence. We do note, however, that there will probably be no circumstances under which the judge will be required to define negligence in one word, and it served no useful purpose to speculate how he might do so before the jury in the case. There is, nevertheless, no possibility that plaintiff could have been prejudiced thereby.

We have carefully considered all of the arguments advanced by plaintiff. We conclude that no prejudicial error has been shown.

No error.

Judges WEBB and MARTIN (Harry C.) concur.