■ SALVATORE GIAMBRONE et al., Respondents, v PAN AMERICAN AIRWAYS, Appellant.—Judgment, Supreme Court, New York County, entered on February 21, 1979, affirmed, with costs. In this personal injury action, there was sufficient evidence to establish that the puddle on which plaintiff-respondent slipped was synthetic oil; that appellant (Pan Am) had exclusive control over the use of such oil, which would occasionally spill on the ground or leak from engines; and that Pan Am's employees were under a duty to immediately clean up such spills and maintain a safe work place. If

Pan Am were responsible for the oil spill, a conclusion for which there is support in the trial record, the necessity for notice would not exist. *(Costa v Kjellgren Constr. Co.,* 18 AD2d 1075.) Whether the plaintiff-respondent was contributorily negligent presented a question of fact for determination by the jury. There was, again, support in the record for its conclusions, including testimony that plaintiff was a "fueler"; that the "elephant hose" used is very heavy and, in the customary manner, must be pulled to the fuel pit by the fueler while walking backwards; that fuelers are on a tight schedule, they are assigned several planes at a time and pushed to fuel the planes as quickly as possible; that plaintiff had not seen any substance on the ground when he began to unreel the elephant hose; and that the oil puddle was not visible to an eyewitness from approximately 15 feet away. It does not clearly appear that the jury's conclusions could not have been reached by a fair and reasonable interpretation of the evidence. The question of contributory negligence is almost always a question of fact. Whether what the plaintiff did was or was not reasonable was for the jury, and "we ought not extend the perimeters of this unsatisfactory [and dying] doctrine wider than we need to." *(Rossman v La Grega,* 28 NY2d 300, 308.) Under the facts here, we cannot hold the plaintiff to have been contributorily negligent as a matter of law. Concur—Kupferman, Sandler and Carro, JJ.

Murphy, P. J., and Birns, J., dissent in a memorandum by Murphy, P. J., as follows: For purposes of discussion, it will be assumed that defendant Pan American's employees caused the puddle of oil upon which the plaintiff slipped. However, if the plaintiff was contributorily negligent as a matter of law, his recovery for this 1970 occurrence would be barred under CPLR 1413. A duty rests upon everyone to exercise his intelligence to its fullest extent for the purpose of avoiding danger and injury, and to make such use of his external senses in the interest of his own safety as is reasonable under the circumstances. To exercise ordinary care for one's own safety, one must use his senses in a way that an ordinarily prudent person would use them under similar circumstances, and a failure to do so may be negligence. An individual is ordinarily bound to look and listen where such precautions are reasonably required to prevent injury to himself. The failure to make use of the senses of sight and hearing may constitute contributory negligence as a matter of law under some circumstances. (57 Am Jur 2d, Negligence, § 340.) In this proceeding, the plaintiff slipped in a puddle of oil as he was walking backward. At the time, he was unreeling a fuel hose. The plaintiff was contributorily negligent, as a matter of law, in failing to look for slick areas which he knew to be present in this and all other service areas in the airport. The facts in this case may be closely analogized to those in *Blake v Great Atlantic & Pacific Tea Co.* (237 NC 730). Blake, an employee of Statesville Flour Mills, was injured when he slipped upon a wet spot in A&P's premises as he pulled a hand truck backward into A&P's warehouse. There was evidence in the record that A&P's assistant manager had previously instructed A&P's employees to "clear the water up" but that they had failed to do so. Nonetheless, in affirming the dismissal of the action, the Supreme Court of North Carolina stated (p 732): "Be that as it may, we are of the opinion plaintiff's own account of the mishap which caused the injuries for which he seeks recovery clearly discloses a failure on his part to exercise ordinary care for his own safety which, in any event, bars his right of recovery. He testified that the loaded truck was too heavy to push. He had to pull it. Necessarily this placed considerable pressure on his feet. Yet he undertook to back into the warehouse and pull the truck

over the doorsill without looking where he was going or giving any attention whatsoever to the condition of the floor where he would be compelled to place his feet in order to apply the additional pressure required to propel the truck across the obstruction created by the doorsill. On his own testimony he might as well have blindfolded himself before entering the building. In practical effect that is what he did. These facts, to which plaintiff himself testified, will not permit any reasonable inference other than that he failed to exercise ordinary care for his own safety. *Porter v. Niven,* 221 N.C. 220, 19 S.E.2d 864; *Conley v. Pearce-Young-Angel Co.,* 224 N.C. 211, 29 S.E.2d 740; *Lee v. Upholstery Co.,* 227 N.C. 88, 40 S.E.2d 688; *Holderfield v. Trucking Co.,* 232 N.C. 623, 61 S.E.2d 904. A plaintiff will not be permitted to recover for injuries resulting from a hazard he helped to create. *Atkins v. Transportation Co.,* 224 N.C. 688, 32 S.E.2d 209; *Ingram v. Smoky Mountain Stages, Inc.,* 225 N.C. 444, 35 S.E.2d 337." It is unnecessary to explore the many other cases in which a workman has been barred from recovery because he was contributorily negligent in walking backward without looking at the apparent dangers that surrounded him. (See, e.g., *Pentz v Wetsman,* 269 Mich 496 [decedent falls in hole in floor]; *Guy v Western Newspaper Union,* 236 Minn 20 [individual backs through loading platform door and falls from platform]; *Keeter v Devoe & Raynolds,* 338 Mo 978 [individual walks backward into an elevator shaft].) This airport, as any other airport, was dotted with oil puddles. The plaintiff, a fueler, should have been particularly aware of these puddles and the dangers that they presented. Therefore, even if defendant Pan American was responsible for the subject puddle, plaintiff was contributorily negligent in failing to use his senses to discover an evident hazard. The judgment of the Supreme Court, New York County, should be reversed, on the law, and the action should be dismissed.